## DOWNING v. THE C., R. I. & P. R. Co.

1. **Evidence:** RAILROADS: CATTLE GUARD. In an action against a railway company for injuries resulting from a defective cattle guard, evidence that another cattle guard, constructed like the one in controversy, had proved sufficient was properly rejected.

2. ——: CATTLE GUARD: FENCE. While it was the duty of the injured party to use all reasonable care to protect his property, he would not be allowed to go upon the railway to repair the cattle guard, or required to fence the road.

3. ——: ——: LEASE. A railway company is required to construct cattle guards wherever its track enters or leaves any improved land, and is liable for any injuries resulting from a failure to construct them; and this duty and liability attach equally to its lessee.

*Appeal from Davis Circuit Court.*

WEDNESDAY, APRIL 19.

THE petition in substance alleges that in the years 1870, 1871, 1872 and 1873, the defendants operated a railroad called the Chicago & Southwestern Railroad, which was built by the Chicago & Southwestern Railroad Company, and that by reason of defectively constructed cattle guards, cattle, hogs, sheep, horses and domestic animals passed upon plaintiff's premises and injured his crops and pasture to the extent of $215.

The petition further alleges that, when the railroad was being built, the tracklayers threw open plaintiff's premises, whereby stock came upon his farm during the winter of 1870 and 1871, and damaged him to the extent of $100. Plaintiff asks judgment for $315.

The defendant for answer denies all the allegations of the petition; alleges that the injuries sustained by plaintiff were the result of his carelessness in keeping defective fences; that defendant did not commence using and operating the road till about March, 1871, and that since said time the cattle guards have been in good condition. There was a jury trial, resulting in a general verdict for plaintiff for $265.

The jury found specially that the damage caused after the 1st day of September, 1871, was $140; that the damage caused after the Chicago, Rock Island and Pacific Railroad Company commenced running trains on the road, about March 1st, 1871, and prior to September 1st, 1871, was $50; and that the damage done prior to the time defendant commenced operating the road was $75.

The court rendered judgment for $190, the damages inflicted since defendant commenced running its trains upon the road. The defendant appeals.

*Trimble v. Carruthers*, for appellant.

One cannot recover damages for injuries which he might have avoided by ordinary care and diligence. (Shearm. & Redf. on Neg., 2 ed. § 598; *Locker v. Damon*, 17 Pick., 288; *State etc. v. Powell*, 44 Mo., 362; *R. R. Co. v. Fumigan*, 21 Ill., 649; *Hatfield v. Roper*, 21 Wend., 618.) The party suffering damage from another is bound to use reasonable care to avoid such damage and his failure to do so constitutes contributory negligence. (*Wright v. R. R. Co.*, 20 Iowa, 195; *Donaldson v. M. & M. R. R. Co.*, 18 Id., 288.) In assessing damages the direct and immediate consequences of the act are to be regarded and not remote or speculative ones, which the injured party might easily have avoided. (*Locker v. Damon, supra.*) Evidence is admissible if it *tends* to prove the issue. (1 Greenl. on Ev., §§ 51-2.)

*M. H. Jones* and *Weaver & Payne*, for appellee.

The party injured is bound only to employ *ordinary* means to avoid the injury. (*Simpson v. Keokuk*, 34 Iowa, 568.) All the duties imposed upon corporations owning railroads are also imposed upon corporations operating them as lessees or otherwise. (Code, § 1278.) The company operating a railway has no right to permit the cattle guards to become filled with snow so that live stock can pass over them. (*Donnigan v. C. & N. W. R. Co.*, 18 Wis., 28; Redf. on Railways, 5 ed., 513.)

DAY, J.—I.   On the trial of the cause defendant introduced one John Bennett, who testified that he owned and occupied a farm adjoining plaintiff's farm on the west in the years 1871 and 1872; that he had knowledge of the cattle guards in question complained of by plaintiff as defective; that there was a cattle guard in witness' field, just across the lane west from the west cattle guard in plaintiff's fence complained of, and about sixty feet from it.

Defendant then asked this witness, if this cattle guard in the fence of witness was constructed and kept in the same manner as that in plaintiff's fence.   To this question plaintiff objected as incompetent, immaterial and irrelevant.

The defendant then stated that it proposed to show that the cattle guard in witness' fence was just such a guard as the one complained of by plaintiff, and that it was sufficient to, and did, keep out all stock.   The objection of plaintiff was sustained, and this ruling is assigned as error.   The evidence was properly excluded.   It is evident that it would have introduced an entirely collateral issue. The question before the jury was as to the reasonable sufficiency of the cattle guard in question, not whether another cattle guard built like it restrained stock.   If the cattle guard upon plaintiff's premises was constructed in a reasonably skillful manner, and was reasonably adapted to the purpose intended, that fact was susceptible of direct proof.   From various causes cattle may never have passed through the cattle guard on Bennett's premises, and yet the one on plaintiff's premises, built like it, may be utterly insufficient for the purpose intended.   There may have been no pasture or crops near the cattle guard on Bennett's premises to entice stock; or it may have been so relatively situated as not to occupy an exposed position.

If this testimony had been admitted, the plaintiff would have had the right to inquire whether or not the situation and character of the two farms, and their relation to the cattle guards were the same, as well as whether or not the cattle guards were alike, and this would have given rise to all the evils intended to be guarded against, by the rule that the evi-

1. EVIDENCE: railroads: cattle guards.

dence must correspond with the allegations and be confined to the point in issue.

II. The defendant requested the court to instruct the jury as follows:

"It was the duty of plaintiff to use all reasonable means at his command to avoid the damages now claimed; and if he could, by a small amount of labor, say three or four days labor, have moved his fence so as to avoid the damages, then it was his duty to do so; and if he neglected to use such means, then he can not recover such damages as he might have avoided by such means."

2. ———: cattle guard: fence.

The court refused to give such instruction, and gave the following:

"It would be the plaintiff's duty to use reasonable and proper care under the circumstances, to prevent damages by reason of the defective cattle guards; but he would not have the right to enter upon the railroad to repair the same, and he would not be bound to fence the road for the purpose of preventing the same."

"The plaintiff cannot recover for damages which he might have prevented by reasonable care; and it was his duty to use reasonable care to prevent the damage; and for damage that was caused by reason of this neglect to use such care, he cannot recover."

In view of these instructions given, there was no error, under the circumstances disclosed, in refusing that asked. It was the duty of the plaintiff, as directed by the court, to exercise reasonable care to prevent injury to himself. What constitutes such care is usually a question of fact, and depends upon all the circumstances proved.

The bill of exceptions recites that there was evidence tending to show that the railroad entered the field of defendant about forty rods east of the northwest corner, and left it at the west fence, eight rods south of the northwest corner, cutting off on the north side of the road about half an acre of tillable land, and leaving $114\frac{1}{2}$ acres on the south side of the road; that in 1871, there were oats on that portion of the field north

of the railroad, and that in 1872 there was no grain north of the railroad.

Appellant claims that plaintiff should have removed forty rods of fence to the south side of the railroad, thus abandoning the land north of the railroad, for the protection of his crop. We cannot, as matter of law, say that the exercise of reasonable care required him to do this. The defendant acquired no right to plaintiff's land north of the track, outside of the right of way, and it has no legal right to insist that he shall abandon one portion of his premises, in order to protect another portion from the consequences of defendant's negligence.

III. Appellant also claims that the special finding of the jury, rendering defendant liable for damages which occurred between March and September, 1871, is contrary to the evidence, and that the court erred in refusing to set aside the verdict, and assessing the damages for that period to defendant.

3. —: —: lease.

The proof shows that defendant commenced operating the road in question about March 1st, 1871, but appellant contends it did not assume full control until September, 1871, and that, until that time, the evidence shows it had no right to construct or repair cattle guards, under its contract with the Chicago & Southwestern Railroad Company, and that, therefore, under the instructions of the court, it cannot be held for the damages accrued prior to September, 1871.

Chapter 159, Laws Ninth General Assembly, provides that any railroad running through improved or fenced land shall make proper cattle guards where it enters or leaves such land, and that it shall be liable for all damages resulting from neglect or refusal to comply with this provision.

Chapter 172, Laws of Twelfth General Assembly, declares that this provision shall apply to any lessee of a railroad company, operating the same in this State.

The defendant, being thus by the law required to construct and maintain proper cattle guards, whilst it operated the road in question, could not make any valid contract which would deny it the right to make and repair such cattle guards.

Whatever may be the rights of the defendant, as between itself and the Chicago and Southwestern Railroad Company, is is clear that defendant cannot, by contract with the last named company, exonerate itself from liability to the plaintiff.

The record discloses no error.

AFFIRMED.