RARIDON v. THE CENTRAL IOWA RAILWAY COMPANY.

1. **Railroads**: FAILURE TO CONSTRUCT CATTLE-GUARDS: DAMAGES: SUFFICIENCY OF PETITION. Plaintiff's petition in this case considered, (see opinion,) and found to show upon its face that he had sustained some damages by reason of defendant's neglect of its legal duty to construct cattle-guards where its road entered and left plaintiff's farm, and *held* that the amount of such damages was a proper question for the jury upon the evidence, and that a demurrer to the petition was erroneously sustained.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, APRIL 8.

THIS is an action at law, by which the plaintiff seeks to · recover damages of the defendant for its failure to put in cattle-guards where the railroad of defendant enters and leaves the fenced and improved lands of the plaintiff. There was a demurrer to the petition, which was sustained, and the plaintiff appeals.

*A. R. Campbell* and *Alanson Clark*, for appellant.

*J. H. Blair* and *A. C. Daly*, for appellee.

ROTHROCK, J.—The petition and the amendment thereto set forth, in substance, that the defendant's railroad was lawfully constructed over and across plaintiff's farm, and that by the construction of the road the plaintiff's inclosed and fenced fields were thrown open, and that defendant neglected and refused for the period of about one year to place cattle-guards at the proper places, and that by reason of said failure and neglect the plaintiff's fields were thrown open to the public; that plaintiff had on his farm 103 acres of heavy grass, of the value of $2.50 per acre, and 30 acres of corn-stalks, of the value of $1 per acre, for the winter of 1882–83, and the value of the same was destroyed; that he owned 100 cattle,

for which he had saved said grass and stalks, and that he could not turn his herd into said pasture because of said openings in the fences, and that he could not protect himself from the loss of the pasture by any reasonable means. He claimed damages in the sum of $300.

The demurrer was to the effect that the petition failed to show that the neglect to put in cattle-guards resulted in depriving the plaintiff of the use of his winter pasture, and failed to state any fact showing how such failure to put in cattle-guards resulted in any legal damage to the plaintiff; and that the facts pleaded show that the plaintiff's loss of his pasture resulted from his groundless fears and voluntary omission to feed and use the same; and that the damages sought to be recovered are remote, speculative and conse-quential.

The statute requires that every railroad company shall make proper cattle-guards where its railway enters or leaves any improved or fenced land, and shall be liable for all damages sustained by reason of such neglect and refusal. Code, § 1288. And the owner of the land has no legal right to construct cattle-guards across the track, and is not bound to do so to protect himself from damages by reason of the want thereof. *Downing v. Chicago, R. I. & P. R'y Co.*, 43 Iowa, 96. Under the averments of the petition, the plaintiff was entitled to recover whatever damages, if any, he fairly sustained by reason of his land having been thrown open and left unfenced; and he cannot recover damages which he might have prevented by reasonable care.

In. *Smith v. Chicago, C. & D. R'y Co.*, 38 Iowa, 518, where the plaintiff, after the construction of the railroad, planted crops, which were destroyed by cattle by reason of the neglect to construct cattle-guards, it was held that the measure of damages was the market value of the crops when matured, less the expense of fitting them for market from the time of the injury, less whatever the value of the portion saved, if any, may be.

In *Donald v. St. Louis, K. C. & N. R'y Co.*, 44 Iowa, 157, where a crop of corn was damaged by cattle to the extent of 150 bushels, by reason of the neglect to build cattle-guards, it was held that the measure of damages was the value of the corn destroyed. In that case it was claimed that the plaintiff should have allowed the premises to remain uncultivated, and that the proper measures of the damages is the rental value of the land; but this court ruled otherwise, upon the ground that it was defendant's duty to erect cattle-guards, and plaintiff had a right to suppose this duty would be performed.

In the case at bar the plaintiff claims damages for the total loss of his grass and corn-stalks, and alleges that they were entirely worthless by reason of the failure and neglect of the defendant to put in the cattle-guards. It is easy to see that they were of less value than they would have been if the land had been inclosed. How much less value they would have been is a question to be determined upon the proof on the trial. The fact that a claim is made for more damages than a party is entitled to, is no ground for demurrer. The question as to whether he should have used the pasture and stalks so far as he could do so, and what interference with the use, or how much was destroyed by other stock pasturing on the same, and all such considerations, are mere matters of evidence.

We think the demurrer should have been overruled.

REVERSED.