## HAMBELL v. O'NEAL.

1. **Verdict:** FINDING OF COURT. All the presumptions indulged in favor of the verdict of a jury attach to the finding of a court on an issue of fact.

2. **Pleading:** A STATEMENT OF FACT CONCLUSIVE. The statement of a fact in a pleading is conclusive upon the party making it, and no evidence is required to establish such fact.

*Appeal from Marshall Circuit Court.*

WEDNESDAY, OCTOBER 21.

ACTION for failure to deliver brick on demand according to contract. Trial by the court, judgment for plaintiff. Defendant appeals. The further facts of the case appear in the opinion.

*Parker & Rice*, for appellant.

*Caswell & Meeker*, for appellee.

MILLER, CH. J.—It is stated in the petition that on the 6th day of December, 1871, the defendant made and delivered to the plaintiff his contract, as follows:

"MARSHALLTOWN, IOWA, Dec. 6th, 1872.

On or before the 1st day of July, A. D. 1872, for value received, I promise to pay J. W. Hambell, or bearer, sixty thousand merchantable brick, at my kiln west of Marshalltown. I agree, if not paid when due and action is brought hereon, I will pay reasonable attorney's fees for collection, and with ten per cent. interest from date if not paid when due.

(Signed,)                               JOHN O'NEAL."

It is alleged that, on the 17th day of February, 1874, plaintiff demanded the brick specified in the contract, that defendant failed to deliver them, and that they were worth at that time $10 per thousand. By an amendment to the petition it

is alleged that, on "the 1st day of July, 1872, the plaintiff and defendant, by mutual consent and agreement, extended the day of the payment of the note to such time as plaintiff should demand such brick, upon which demand defendant agreed to immediately deliver the same to the plaintiff.".

Attorney's fees are also claimed by the plaintiff.

The answer admits the making of the written contract, and also admits the making of the alleged parol agreement to extend the time of payment of the note, with this difference, that the time of the delivery of the brick to plaintiff was extended "to such time in the future when plaintiff should demand the same, when the defendant should deliver the same, provided that the defendant should have time to make the brick, if, at the time of said demand, he should not have the brick ready." The answer admits the demand and refusal alleged, and avers a willingness to deliver the brick as soon as he can make them.

The principal issue of fact, it will be seen, was whether the defendant was, under the parol agreement extending the time 1. VERDICT: of payment of the note, to have time to make finding of court. the brick if he did not have them on hand. The court found this issue for the plaintiff, that the brick were to be delivered on demand. All of the presumptions which are indulged in favor of the verdict of a jury, are also indulged in favor of the finding of the court on an issue of fact. There was certainly evidence in support of the finding. We are not prepared to say that the preponderance of the evidence did not require the court to find for the plaintiff.

The finding of the court also as to the price or market value of brick at the time of the demand, must also be sustained upon the foregoing theory.

II. It is urged in argument by appellant, that the agreement for the extension of the time of payment was invalid 2. PLEADING: because not based upon any new consideration. a statement of fact con- A sufficient answer to this position is found in the clusive. fact that the defendant expressly alleges in his *answer* that this agreement was "upon a valid and sufficient consideration." Having thus stated the fact in his pleading,

he is bound thereby, and no evidence in proof thereof was required.

III. The facts stated in the petition upon which the claim for attorney's fees was based, were not denied in the answer, and the finding of the court thereon is in conformity with the evidence in the case.

AFFIRMED.