## WATSON v. HOAG.

**Usury**: EVIDENCE CONSIDERED WHICH ESTABLISHED. Pending the negotiation of a note which bore illegal interest, the maker informed the intending purchaser that it was "all right," and would be paid, and agreed, if the time of payment should be extended, that he would pay interest at the rate of fifteen per cent: *Held,* that the transferee was not a purchaser in good faith, and that the claim of usury was a defense to an action upon the note.

*Appeal from Floyd Circuit Court.*

FRIDAY, DECEMBER 18.

ACTION to foreclose three mortgages, securing as many promissory notes, two of them executed to one Danforth, and the other to plaintiff.   The notes payable to Danforth, with the mortgages securing them, were duly transferred to plaintiff.   As a defense to the action, usury is pleaded.   A trial to the court without a jury resulted in a judgment sustaining the defense pleaded.   Plaintiff appeals.

*Pratt & Root,* and *P. M. Knapp,* for appellant.

*Starr, Patterson & Harrison,* for appellees.

BECK, J.—The decision of the case turns wholly upon the facts; no disputed question of law is presented in the record.

The court made a special finding of the facts and the conclusions of law as applicable thereto, sustaining the defense of usury. The action, being a proceeding to foreclose mortgages, is to be tried here on errors assigned upon the record, and the court's finding of facts has the effect of a special verdict. Code, §§ 2741, 2742, 2743.

I. Plaintiff insists that the finding of facts is not supported by the evidence. As to the existence of usury in the transaction resulting in the execution of the notes, there can be no doubt. The evidence clearly establishes it. We are not required to enter upon an extended discussion of the evidence upon any branch of the case; upon this one we will content ourselves with remarking that the usurious character of the contracts is established by direct and positive testimony.

II. Upon the question whether plaintiff had notice of the usury in the notes executed to Danforth, there may be some question; at least the evidence is not direct and positive. It is shown that defendant, David M. Hoag, informed plaintiff before the transfer of the notes, that they "were all right;" that no defense to them existed, and that they would be paid. But we think the evidence shows that plaintiff knew of the usury at the time. The circumstances under which the negotiations for the transfer was made convinces us that he had such knowlege. While the negotiations were pending, plaintiff agreed to extend the time of payment upon condition defendant would pay interest at the rate of fifteen per cent per annum. He was thus providing for the continuation of the original usurious agreement between the parties on the notes. There are other facts developed in the evidence that lead irresistibly to the conclusion of bad faith on the part of plaintiff. We think the statement of defendant, that the notes were without defense, was drawn from him as a device to cover up the unlawful nature of the contract, and that plaintiff knew the real facts at the time, and was a party to the contrivance by which the declarations were elicited. We think they were a part of the fraudulent acts of the transac-

tion, and the court's conclusion that plaintiff did not, in good faith, rely upon them, is correct. He is not therefore a transferee, in good faith, of the paper, and cannot be protected against the defense of usury. We may certainly conclude that the findings of the court do not want the support of evidence to an extent which will justify the conclusion that they were not the result of an honest, intelligent and unbiased exercise of discretion on the part of the court. We are required to so regard them to justify us in setting aside the judgment.

AFFIRMED.