IOWA COUNTY v. HUSTON.

1. **Pleading**: AMENDMENT. An averment in a pleading does not work an estoppel, preventing the party from filing an amendment after reversal on appeal, but it does amount to a solemn admission of fact, requiring evidence to contradict it.

*Appeal from Iowa Circuit Court.*

TUESDAY, JUNE 13.

THIS cause was before this court at a former term and is reported in 39 Iowa, 323. When it was remanded to the court below, the plaintiff filed an amended and substituted petition, in which it is stated the plaintiff appropriated one thousand dollars to repair the Kosta bridge; that the defendant, assuming to be the agent of the plaintiff in the matter of rebuilding the bridge, although he in fact had no such authority, applied for and obtained an order on the county treasurer for said money; that said order was issued by the clerk and delivered to defendant without authority; that defendant as such pretended agent drew said money from the treasurer on said order, he having no authority or right whatever to do so; that at the time said order was given and money paid thereon, work had not been commenced on the bridge, nor had any material therefor been furnished, and no certified estimate for such payment had been made for work done or material furnished; that the payment of the money to defendant was without authority of law, and contrary to the statute; the answer admitted the appropriations for the purpose stated in petition; but denied that defendant was not authorized to draw said money, and denied that the clerk was not authorized to draw the warrant; and also denied all other allegations not admitted. As a further defense the answer sets up and relies on the pleadings, evidence and findings in the former trial. There was a trial by the court, a finding in favor of the plaintiff and judgment. Defendant appeals

*C. Hedges*, for appellant.

*Martin, Murphy & Lynch*, for appellee.

SEEVERS, CH. J.—I. The plaintiff, to maintain the issue on its part, introduced the following evidence.

1. An order issued by the clerk of the board of supervisors under seal, to defendant, on the treasurer as follows:

"MARENGO, IOWA, August 27, 1866.

"N. B. Vineyard, treasurer of Iowa county, please pay the bearer, Samuel Huston, the sum of one thousand dollars, out of the bridge fund, as per order of the trustees of Honey Creek and Cono townships, as per appropriation of the board of supervisors of Iowa.

WM. G. SPRINGER, *Clerk.*

By J. C. SPRINGER, *Deputy.*"

2. "A. J. Morrison, deputy auditor, testified that he had looked and found nothing of record, or among the papers authorizing the appointment of any one to disburse the said appropriations."

3. C. Hedges, Esq., testified as follows: "In July, 1867, I was attorney for plaintiff, and as such attorney demanded of defendant the $1,000.00, being the money appropriated by the plaintiff for Kosta bridge. He refused to pay it over, saying he had paid out most of it, all but about $150, which was still in his hands, which he offered to me if I would receive it in settlement of the full amount, which I refused to do, but offered to receive it in part. He refused to pay it to me in that way."

And the defendant introduced in evidence the pleadings and record on the first trial, and there being no further or different evidence the court made the following findings of fact.

1. That on or about September 5, 1865, the board of supervisors of Iowa county appropriated the sum of $500, to repair the bridge across Iowa river, known as the Kosta bridge, in Iowa county, Iowa.

2. And on or about the 8th day of June, 1866, said board

of supervisors made a further appropriation of the sum of $500 for the purpose of rebuilding the same.

3. That no one was authorized by the board or appointed to disburse the said appropriation.

4. That on the 27th day of August, 1866, the defendant drew said appropriation from the treasurer of the plaintiff on the following order.

"MARENGO, Iowa, August 27, 1866.

" N. B. Vineyard, Treasurer of Iowa county, Iowa, please pay the bearer, Samuel Huston, the sum of one thousand dollars out of the bridge fund, as per order of the trustees of Honey Creek and Cono townships, as per appropriation of the board of supervisors of Iowa county.

WM. G. SPRINGER, *Clerk.*

By J. C. SPRINGER, *Deputy.*"

5. In July, 1867, C. Hedges, attorney for plaintiff, demanded said $1,000 from defendant. He refused to pay to him, and said he had paid it all out but $150, which he offered to Mr. Hedges in full settlement, which was refused, but offered to receive it in part.

The original petition, among other things, stated that defendant (as self-constituted agent of plaintiff) "received the money" in trust and for the use and benefit of plaintiff, in repairing and rebuilding said "Kosta bridge." While we are not prepared to hold that this averment or statement was such an admission as constituted an estoppel, thereby preventing the plaintiff from amending the pleadings, and proving to the contrary on another trial, still we are of the opinion it does amount to a solemn admission of fact which the plaintiff must overcome by testimony on the second trial. *Shepard v. Pratt,* 32 Iowa, 296; *Hambel v. Oneal,* 39 Iowa, 562; *Mulligan v. Illinois C. R.,* 36 Iowa, 181. On the present trial no evidence whatever was introduced tending to contradict the statement of fact in the original petition. There was no evidence tending to show that defendant did not receive the money in trust for the use and benefit of the plaintiff in repairing said bridge. It is true the auditor testified he could

find nothing of record or among the papers, authorizing any one to disburse said money. Admitting that this evidence tends to show that defendant was not authorized to receive the money, it is not sufficient to overcome the solemn admission that he received it in trust for the use and benefit of the plaintiff. If he so received it, some evidence should be adduced showing a misappropriation.

The allegation in the original petition, when taken in connection with the substituted petition is, that defendant, not being an agent, received the money in trust, to be used in repairing the bridge. Conceding defendant was not an agent, the fact remains undisputed by the evidence that defendant received the money in trust, for the purpose of repairing the bridge. The finding of facts is against the evidence, nor do such facts warrant the judgment rendered.

REVERSED.