## RARIDAN v. THE CENTRAL IOWA R'Y CO.

1. **Practice on Appeal:** POINT ONCE DECIDED NOT REVIEWED. A point once decided in a case will not be reviewed on a second appeal.

2. ——: VERDICT ON CONFLICTING EVIDENCE. The verdict of a jury, which is not without some support in the evidence, will not be disturbed in this court.

3. **Negligence:** DUTY TO AVERT DAMAGES: RULE NOT APPLICABLE. One who has suffered damages in consequence of the failure of another to perform some act which he was under obligation to perform, is not entitled to recover therefor, if, by the exercise of reasonable care, he might have prevented the injury; but where the plaintiff, relying on the defendant to do its duty in constructing certain cattle-guards, which it failed to do, thereby lost a crop of grass designed for fall and winter pasture, *held* that he could not be defeated in his action to recover by the fact that he might, had he anticipated defendant's failure, have made the grass into hay, and thus avoided the damages which he seeks to recover.

4. **Evidence:** VALUE OF CORN-STALKS: COMPETENCY. One who testifies that he knows the value of corn-stalks for winter pasture in his neighborhood does not thereby show himself competent to testify to the value of such stalks on a farm nine miles distant.

5. ——: ESTOPPEL: STATEMENTS IN PLEADING WITHDRAWN. A party is bound by the statements and admissions contained in the pleadings on which he tries his cause; and when a pleading is withdrawn, it may be introduced in evidence against the pleader; but as evidence it has such force and effect only as any other written statement of facts made by him; and he may show that admissions contained in it were made inadvertently or by mistake.

6. **Railroads:** NO CATTLE-GUARDS: LOSS OF PASTURE: MEASURE OF DAMAGES: EVIDENCE. In an action to recover for loss of pasture through the neglect of defendant to construct cattle-guards, the jury was properly instructed that while the plaintiff could not, under the issue, recover the cost of herding his cattle upon the exposed pasture, yet, if the herding was rendered necessary by the failure of the defendant to construct the cattle-guards, the necessary cost of such herding might be considered in determining how much less the pasturage was worth than it would have been had the guards been constructed and maintained.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, OCTOBER 13.

ON the first of November, 1882, the defendant took possession of and began to operate a railroad which had been previously constructed through plaintiff's farm.   Said farm was divided by ·a public highway, and the land on each side of the highway was fenced.   The railway was constructed through both inclosures, but cattle-guards were not constructed either at the outside lines of the farm, or at the lines between the inclosures and the highway, until about one year after defendant commenced to operate the road.   Plaintiff brought this action to recover damages on account of defendant's failure to construct and maintain cattle-guards at those points during the winter of 1882 and 1883.   He alleges in his petition that, when the railroad was constructed, gaps were made in the fences inclosing the land, and that, owing to defendant's failure to close said gaps with cattle-guards, the land was left open to the incursions of trespassing stock, and he was not able to keep his own cattle thereon, and in consequence thereof he lost the use of the land during the time named; and that a portion of the land was covered with heavy grass, and another portion was covered with corn-stalks, which would have been valuable for winter pasturage if he had been able to keep his cattle upon it.   There was a verdict and judgment for plaintiff, and defendant appeals.

*J. H. Blair, A. C. Daily* and *D. Ryan*, for appellant.

*Alanson Clark*, for appellee.

REED, J.—I.   After verdict defendant moved the court to arrest judgment thereon on the grounds that no cause of action was stated in the petition, and that the damages sought to be recovered were remote and speculative.   Before answering, it assailed the petition by demurrer on the same grounds.   On an appeal from the order of the circuit court sustaining the demurrer, this court held that a cause of action was stated in

<div style="margin-left:2em;font-size:smaller">1. PRACTICE on appeal: point once decided not reviewed.</div>

the petition, and that its allegations afforded substantial grounds for the assessment of damages for the wrong complained of. See *Raridan v. Central Iowa R'y Co.*, 65 Iowa, 640. Under a well-settled rule of practice, we will not review that ruling on this appeal. See *Adams County v. Railway Co.*, 55 Iowa, 94; *Minnesota Linseed Oil Co. v. Montague*, 65 Id., 67.

II.   It is insisted that the verdict is not supported by the evidence.   We are of the opinion, however, that this position 2. ———: ver-   cannot be sustained.   There was evidence from dict on con- flicting evi-   which the jury might have found that, owing to dence. the failure of defendant to construct and maintain the cattle-guards, plaintiff was not able, during a portion of the time in question, to keep his cattle in the inclosures through which the railroad is constructed, and that, in consequence of this, he was not able to get the full benefit of the grass and corn-stalks in said inclosures; and the amount awarded as damages does not appear to us to be excessive.   It is probably true that a different result might have been reached by the jury from the evidence before them; but their finding is not so manifestly against the weight of the evidence as to warrant us in interfering with it.

III.   Plaintiff testified that a portion of the grass which he claims to have lost, if it had been cut at the proper time, 3. NEGLI-   would have made good hay, but that he omitted GENCE: duty to avert dam-   to cut it because he preferred to use it for late ages : rule not applica-   fall and winter pasture.   Defendant offered to ble. prove that, if the grass had been cut and made into hay, the hay would have been of greater value for winter feed than the grass was, and that it would have cost but a small amount to cut and convert it into hay.   But the evidence offered to prove these facts was excluded, on plaintiff's objection.   The theory on which this evidence was offered to be introduced is that, as plaintiff was entitled to recover such damages only as could not have been prevented by reasonable care on his part, he ought not to be permitted to

recover for the loss of the grass, if, by a trifling outlay, he could have prevented such loss. That one who has suffered damages in consequence of the failure of another to perform some act which he was under obligation to perform is not entitled to recover therefor, if, by the exercise of reasonable care or diligence, he might have prevented the injury, is certainly true. We are of the opinion, however, that, under the established facts, this rule is not applicable to this particular phase of the case. The evidence shows that the grass could not have been cut and made into hay after the month of September. Indeed, we suppose that this is a fact within the knowledge of all men, and of which the courts would take judicial notice. Plaintiff at that time determined that he could not cut the grass, but would pasture it later in the season. He had the right to assume that the cattle-guards would be put in in proper time to enable him to so use it. The duty to construct and maintain them is imposed by statute, (Code, § 1288,) and plaintiff was not required to act on the assumption that that duty would not be performed. When defendant commenced to operate the road on the first of November, it assumed the performance of that duty, and was under obligation to perform it immediately, or, at least, within a reasonable time. Its wrong consists in the fact that it did not perform it. When it neglected to perform the duty in such time as to enable plaintiff to make the use of his property he had intended, he was under obligation, of course, to use all reasonable diligence to prevent the injury. But, clearly, defendant is not to be exempted from liability for the injury caused by its negligence because plaintiff did not anticipate that it would refuse to perform the duty imposed upon it by law, or make provision in advance against the consequence of such refusal. The action of the circuit court in excluding the evidence is clearly right.

IV. Defendant introduced a witness who testified that he lived eight or nine miles from plaintiff's place, and that

4. EVIDENCE : value of corn-stalks: competency. he knew the value of corn-stalks for winter pasture in his neighborhood, at the time in question. He was then asked to state what the value of such property was, but the court sustained an objection to the question. The ruling is correct. The fact that the witness knew the value of stalks in his neighborhood, from six to nine miles from plaintiff's place, did not qualify him to testify to the value of stalks in plaintiff's neighborhood.

V. Plaintiff filed an amendment to his petition, in which he alleged that, owing to the failure of defendant to construct and maintain the cattle-guards, he was compelled to herd his cattle in the inclosure for seventy days, and that the cattle were injured by being herded; and in which he sought to recover for the expense of the herding, and for the damage to the cattle. This pleading was subsequently withdrawn; but, on the trial, defendant introduced it in evidence. Plaintiff's attorney testified that he prepared and filed the pleading without consulting with plaintiff, and that he had no knowledge of its contents; and plaintiff testified that, while he had herded his cattle in the inclosure, he did not herd them for the length of time stated in the pleading, and that he did not keep them in the pasture for that length of time. Defendant asked the court to instruct the jury, in effect, that plaintiff was bound absolutely by the admissions contained in the pleading, but the court refused to give the instructions asked. A party is bound, of course, by the statements or admissions of the pleadings upon which he tries his cause; and, when he withdraws a pleading, it may be introduced in evidence against him, but, when so introduced, it has such force and effect, as evidence, only as any other written statement of facts made by him, or by his authority, would have. It is not absolutely binding upon him, but he may show that the admissions contained in it were made inadvertently, or by mistake. Its weight, like that of any other instrument of evidence, is

5. ——: estoppel: statements in pleading withdrawn.

to be determined by the jury. We think, therefore, that the circuit court rightly refused the instructions asked.

VI. The circuit court instructed the jury that while plaintiff could not, under the issue, recover the cost of herd-

6. RAILROADS: no cattle-guards: loss of pasture: measure of damages: evidence. ing his cattle, yet if the herding was rendered necessary by the failure of defendant to construct the cattle-guards, the necessary cost thereof might be considered in determining how much less the pasturage was worth than it would have been if the cattle-guards had been maintained. We think the instruction is correct. We held on the former appeal (65 Iowa, 640) that the measure of plaintiff's damages was the difference between the value of the pasture, in the condition in which the inclosures were left by defendant, and what its value would have been if the cattle-guards had been maintained. We held, also, that plaintiff could not recover for any portion of the injury which he could have prevented by reasonable care. The evidence tended strongly to prove that the loss of substantially all of the pasturage could have been prevented only by herding the cattle upon it. In herding them, plaintiff did what was necessary to be done in order to save any portion of it. The cost of the herding was therefore a proper matter to be considered in determining its value. The value of the portion saved would necessarily be as much less than it would have been if the guards had been maintained as it would cost to save it.

We have found no errors in the record, and the judgment will be

                                        AFFIRMED.