| 87 | 555 |
|---|---|
| 97 | 86 |
| 87 | 555 |
| 102 | 370 |
| 87 | 555 |
| 115 | 528 |
| 87 | 555 |
| 117 | 161 |
| 87 | 555 |
| 129 | 553 |
| 87 | 555 |
| f139 | 301 |
| f140 | 100 |
| 141 | 353 |

A. H. SHIPLEY, Appellant, v. JOHN REASONER, Appellee.

1. Pleadings: WHEN TO BE REGARDED AS EVIDENCE. A pleading which has been superseded by an amendment is not, like the pleadings upon which the case is finally submitted to the jury, to be considered as evidence, unless it is introduced as such on the trial; and an instruction to the jury that admissions and statements made in such a superseded pleading, though not introduced in evidence, should be taken as true against the pleader, unless contradicted and explained by testimony upon the trial, was properly refused.

2. Verdict: SUFFICIENCY OF EVIDENCE TO SUPPORT. Where, under the instructions, a verdict for the defendant may be based upon one of two grounds, it will not be set aside on appeal because the evidence is insufficient to sustain it upon one of these grounds.

3. Instructions to Jury: CLERICAL ERROR: NO PREJUDICE. A mere clerical error in an instruction, in using the word "defendant" for "plaintiff," is immaterial, and is not ground for reversal, where the error is apparent, and the meaning clear.

4. Promissory Notes: FRAUD: PURCHASER WITH NOTICE: ESTOPPEL OF MAKER BY NEW CONTRACT. Although the indorsee of a note takes it with notice that it is void for fraud as between the maker and the payee, yet where he so takes it at the solicitation of the maker, and upon his promise to secure and pay the same, and the maker receives a part of the consideration given by him for the note, such new contract is binding upon the maker, and estops him from denying his liability to the indorsee upon the ground that the latter knew of the infirmities of the note when he took it.

*Appeal from Madison District Court.*—HON. J. H. HENDERSON, Judge.

WEDNESDAY, FEBRUARY 1, 1893.

ACTION to recover possession of two promissory notes executed by the plaintiff, for two hundred dollars each, payable to G. B. Morse, or bearer, January 1,

1889. The grounds of recovery, briefly stated, are that the notes were given in what is commonly known as a "Bohemian Oats Transaction," and are without consideration and void; that the defendant was a party to the transaction, and received said notes after maturity, and with full knowledge of their inception. After the case was reversed on the former appeal (80 Iowa, 548,) and remanded, the defendant filed an amended and substituted answer, to which the plaintiff replied, and the case was again tried to a jury. The jury were instructed that, under the evidence, the defendant was entitled to the possession of the notes, and that the only question for them to determine was their value. A verdict was returned in favor of the defendant, and fixing the value of the notes at five hundred and forty-seven dollars and sixteen cents. The defendant elected to take a money judgment for the value of the notes, and judgment was entered accordingly, from which the plaintiff appeals.—*Affirmed.*

*J. P. Steele* and *John Leonard & Son*, for appellant.

*Dabney & Guiher*, for appellee.

Given, J.—I. The appellant's first complaint is of the refusal to give an instruction in substance as follows: That statements and admissions of a party in his pleadings "are, as evidence, of the gravest weight against him; and where, in the trial of a cause, there is no testimony in any manner contradicting or explaining away such statements or admissions, they should, as against the party making them, be taken, considered, and acted upon as true." The appellant contends that, as the defendant had made certain admissions in his original answer different from the allegations of his amended and substituted answer, and from what was claimed on

1. Pleadings: when to be regarded as evidence.

the trial, the instruction should have been given. The appellee contends that, as the original answer was superseded by the amended and substituted answer, and was not offered in evidence, the instruction was properly refused. There is no question but that admissions made in the original answer were competent evidence against the defendant, but the contention is whether they were proper to be so considered without being introduced in evidence.

In considering this question, it may be well to first notice a few well-established rules relating to pleadings as evidence. It is unquestionably the rule that admissions made in the pleadings forming the issues being tried are proper to be considered without being introduced in evidence. They go to the court and jury, not as evidence, but for the purpose of showing what the issues are. As to such admissions, there is no issue; no proof is required; and the party making them is bound thereby. *Raridan v. Central Iowa Railway Co.*, 69 Iowa, 527; *Hambell v. O'Neal*, 39 Iowa, 562. A party desiring to withdraw an allegation or admission made by him in a pleading may do so by amendment, or by a substituted pleading. *Iowa County v. Huston*, 43 Iowa, 485; *Johnson v. McGrew*, 42 Iowa, 555. Pleadings that have been superseded remain a part of the record in the case, even though withdrawn, and "may be introduced in evidence against him." *Raridan v. Central Iowa Railway Co., supra.* Admissions in a pleading that have been superseded are not conclusive upon the party making them. He may show that they were made inadvertently or by mistake. *Ayres v. Hartford Fire Insurance Co.*, 17 Iowa, 179; *Mulligan v. Illinois Central Railway Co.*, 36 Iowa, 182; *Raridan v. Central Iowa Railway Co., supra.* It will be observed that the following distinctions exist between the pleadings upon which the case is tried and those that have been superseded. The former are before the court and

jury of necessity, without offer, not as evidence, but to show the issues to be tried; and admissions made therein are taken as true, and conclusive against the party making them. The latter are not necessarily before the court and jury and, if before them, are only as evidence, are not conclusive, and may be shown to have been made inadvertently, or by mistake, or, as stated in the instruction, may be contradicted or explained.

In the cases to which we have referred, and also in the instruction under consideration, a superseded pleading is regarded as evidence only, which, like any other evidence of admission, may be explained. Being only evidence, and subject to explanation, it seems that it should be introduced as any other evidence, and unless so introduced, should not be considered. To hold otherwise is to permit a party to spring a surprise upon his adversary, by presenting the admissions when the opportunity to explain has passed. Surely the law does not contemplate such an unfair practice that would deprive a party of the privilege of explaining how and why the admission was made. The value of this privilege is seen when the weight given to such admissions unexplained is remembered. It will not do to say that anything may be considered as evidence that has not been introduced as such, especially when it prevents the opposite party from rebutting it.

*Cross v. Garrett*, 35 Iowa, 481, and cases following it, may seem at first view to be in conflict with this conclusion. In that case, "in his closing argument the plaintiff's counsel asked permission of the court to read to the jury, and comment upon, a motion of the defendant for a continuance filed in the case. The defendant objected, upon the ground that it had not been offered in evidence, was immaterial, and the defendant had closed his case and could not reply." The objection was overruled, and this court, in review-

ing the ruling, said: "The motion for continuance was part of the record, and a proper matter of comment by the opposite party, without being formally offered in evidence." In further commenting on the ruling, the order in which cases should be argued is referred to, and stress given to the fact that the defendant did not ask permission to reply. The privilege asked was to read to the jury, and to comment upon, that which was competent evidence, but which had not theretofore been "formally offered." It was simply an application to be permitted to then introduce an item of evidence that had been omitted, and the court, in the exercise of a discretion which it had, permitted the evidence to be then introduced. Had the defendant insisted upon it, he had the undoubted right to reply by both proof and argument; but, not asking to do so, there was no error in granting the plaintiff's request. True, the court says that motion was a part of the record, and a proper matter of comment, "without being formally offered in evidence." Construing this language in the light of the plaintiff's request and defendant's objections, it means nothing more than that the evidence might then be introduced and commented upon, though not offered in the proper order. It is proper to say that, on the submission of that case, this question was barely mentioned in argument, and submitted without any citation of authorities. It seems to have been treated as of minor importance to the other questions involved, and for that reason the conclusion of the court was not as clearly and carefully expressed as it otherwise would have been.

In *Hanners v. McClelland*, 74 Iowa, 319, counsel for plaintiff, while making his opening argument to the jury, was permitted to read to the jury a motion and affidavit filed by the defendant for a continuance. Following *Cross v. Garrett*, this court held there was no error. In *Brannum v. O'Connor*, 77 Iowa, 633, a

like ruling was made under the same state of facts as in *Hanners' case*. In both of these cases it was a mere granting of permission to introduce competent evidence that had been omitted, as was done in *Cross v. Garrett*, and, as in that, leave was not asked to reply. In this case the superseded answer was not offered in evidence at any time, and there was no evidence upon which to base the instruction refused. Therefore there was no error in refusing it.

II. As already stated, the court instructed that the defendant was entitled to the possession of the 2. VERDICT: suf- notes, and the only question submitted was ficiency of evidence to that of their value. The court also instruct- support. ed that the notes were void as between parties to the transaction in which they were given. The value of the notes was made to depend upon whether the defendant was a *bona fide* holder thereof, free from infirmities. One contention was whether the defendant took the notes with knowledge of their character. The appellant moved for a new trial, upon the ground, among others, that the verdict is contrary to law, is not supported by the evidence, and is contrary to the instructions. He complains of the overruling of his motion upon these grounds, contending that there was no evidence to show that the defendant did not know the character of these notes, but, on the contrary, conclusive evidence that he knew all about the transaction in which they were given, before he received them. The court instructed, in substance, as follows: That if the defendant was a party to the transaction in which the notes were given, or took them with knowledge of the transaction, they were void and of no value as to him, "unless you further find that the plaintiff is estopped from denying his liability on the notes, as hereinafter explained." The court further instructed "that if the defendant was not a party to the transaction, and purchased the notes at the solicitation

of the plaintiff and upon his promise to pay and secure the same, and relied upon said statements and promise, and paid for the notes as alleged, and that the purchase was not for the purpose of carrying out the original transaction, * * * then the plaintiff is estopped from denying his liability on the notes, and you will find the value of the notes to be the amount due on them, with interest to the date of your verdict, according to their terms." It will be observed that, under this instruction, a verdict for the defendant might be found as it was, even though the evidence showed that the defendant did know of the infirmities of these notes at the time he purchased them. Our examination of the record inclines us to believe that the weight of the evidence is in favor of the conclusion that the defendant did know of the character of these notes when he took them, but there is evidence tending to show the contrary. If the matter rested upon the evidence alone, we might be disposed to hold that the court erred, but, with the instruction just referred to, we can not say that the verdict should have been set aside.

III. The appellant complains of the fourth instruction, as ambiguous and misleading. It says: "If you

3. INSTRUCTIONS to jury: clerical error: no prejudice.

find that the defendant is estopped as in these instructions hereinafter defined," etc. There was no estoppel pleaded against the defendant, and it is evident from what is "hereinafter defined" that, by clerical error, "defendant" was written where "plaintiff" was intended. The error was apparent on the face of the instruction, and could not have worked any prejudice.

IV. In the fifth paragraph, after instructing that these notes were void as between the parties thereto,

4. PROMISSORY notes: fraud: purchaser with notice: estoppel of maker by new contract.

and all parties to the transaction in which they were given, as well as persons taking them with knowledge of their character, the jury were told as follows: "If you find

from the evidence that the defendant, John Reasoner, whether present or absent, was a party to the transaction in which the notes were given, or that he took them with knowledge of the transaction in which they, were given, as to him they are void and uncollectible, and of no value, unless you further find that the plaintiff is estopped from denying his liability on the notes, as hereinafter explained.'' The appellant contends that if the defendant was a party to the transaction, or took the notes with knowledge, he will not be permitted to claim an estoppel against the plaintiff. The estoppel pleaded against the plaintiff is that the defendant purchased and paid for the notes at the solicitation of the plaintiff and upon his promise to secure and pay the same, and that part of the consideration paid by the defendant was to the plaintiff, namely, fifty bushels of Bohemian oats, which the plaintiff has never offered to return. The agreement to secure and pay the notes, if independent of the original transaction, is a lawful agreement.

The appellant cites *Watson v. Hoag*, 40 Iowa, 142, where, pending the purchase of a usurious note, the maker informed the purchaser that it was all right and would be paid, and agreed, if time should be extended, that he would pay fifteen per cent. interest. It was held that the transaction was not in good faith, and the note was held subject to the defense of usury. Here, not only the original transaction, but the agreement by which the purchase was induced was illegal. *Langan v. Sankey*, 55 Iowa, 52, is also cited, wherein it was insisted that a contract void as against public policy may be relied on as an estoppel. The court said: ''We do not believe this is correct, and are unwilling to hold that a contract void as being against public policy has any vitality whatever. It matters not how it may be pleaded; a substantial right can not be enforced thereunder. That which can not be recovered in an

action on the contract should not be permitted to be done by indirection." It was the void contract that was pleaded as an estoppel, and not one that was lawful and binding.

We think the instruction, as applied to the issues and proofs in this case, is correct. If the defendant did participate in the original transaction, or have knowledge thereof to the extent alleged, and afterwards, for value, purchased the notes at the solicitation of the plaintiff, and upon faith of his promise to secure and pay the same, equity and good conscience forbid that the plaintiff should now be heard to deny his liability to the defendant. More surely is this true when, as in this case, the plaintiff continues to hold part of the consideration paid by the defendant. In such case the purchaser is not an innocent purchaser because of a want of notice, but because of the solicitation and promises.

Our conclusion is that the judgment of the district court should be AFFIRMED.