ELIZABETH WOOD and S. J. POOLEY, Guardian of Clifton D. Wood and Hazel D. Wood, Appellants, v. BROTHERHOOD OF AMERICAN YEOMEN.

**Benefit insurance:** PLEADINGS: DIRECTION OF VERDICT. Where plaintiff in a suit on a benefit certificate sets out the original certificate and alleges that a second certificate was issued by the association in lieu thereof, which was in effect the same as the original, and that the insurance was continuously in force by virtue of both, he cannot be said to rely wholly on the second certificate and the court should not direct a verdict on that theory.

**Same:** ACCEPTANCE OF CERTIFICATE BY INSURED. Although the second certificate in question contained provisions requiring an acceptance by the insured before it became a binding contract, still the fact that it was found among the papers of deceased was sufficient evidence of acceptance to take that issue to the jury.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

FRIDAY, OCTOBER 30, 1908.

In 1899 George B. Wood became a member of the defendant corporation, a mutual benefit insurance association, entitled to have paid to his then wife, Ella F. Wood, in the event of his death, the amount of one assessment on the membership of said association not to exceed $3,000. In 1903, as is alleged in plaintiffs' petition, said Wood took such steps as were provided for in the articles of the association to have the benefit made payable to the plaintiff, Elizabeth Wood, as his wife at that time, and his children, who are also plaintiffs in this action, represented

by their guardian, as they are still minors. There were further allegations in the petition as to the death of said Wood, and the right of the plaintiffs to recover $3,000 from the defendant as insured by it. It is further alleged that, while the reissued certificate corresponded with the first certificate as to date of signature, it was a continuation merely of the original certificate with a change of beneficiaries. Defendant alleged that the second certificate was issued by the officers of the association without authority, and through inadvertence and by mistake, and that said second certificate had never been accepted by said Wood, and asked a reformation of the certificate to make it conform to the real contract of the parties. In reply plaintiffs deny the allegations of defendant's answer. At the conclusion of the evidence introduced for plaintiffs the court, on defendant's motion, instructed a verdict in its favor, and from the judgment on this verdict plaintiffs appeal.

*Ryan & Ryan,* for appellants.

*E. C. Corry* and *Dunshee & Dorn,* for appellee.

SHERWIN, J.—The verdict for the defendant was directed on the ground that plaintiffs' action was founded on the second certificate, and that the evidence did not

1. BENEFIT INSURANCE: pleadings: direction of verdict.

show the acceptance of said certificate by the insured. Aside from the substituted pleadings of the plaintiff, the record does not clearly show whether plaintiffs were relying solely on the second certificate or not, and it must be admitted that the trial court had some warrant for stating that recovery was sought on the second certificate only. But the first certificate was fully set out in the petition and answer and in the former it was alleged that the second certificate was, in effect, the same as the first one, and that

the insurance upon the life of Wood was continuously in force by virtue of both. It is true the first certificate was not offered in evidence, but that was unnecessary. It had been set out in full in the pleadings on which the case was being tried, and hence there was no occasion to put it in evidence. It was admitted by the defendant in its answer, and for all purposes of the case that was sufficient. Admissions made in the pleadings forming the issues being tried are to be considered without further action. *Shipley v. Reasoner,* 87 Iowa, 555.

Both certificates provided against liability in case of suicide, but there was no evidence before the jury on that question. We are also of the opinion that a verdict should not have been directed, even if the plaintiffs had in fact been relying solely on the second certificate. While it is evident that its changed conditions would require an acceptance thereof before it could become a contract between the insured and the defendant, it is also true that there was evidence tending to show an acceptance, and sufficient, we think, to take the case to the jury on that question. The certificate was found among the private papers of Wood and in his private box in the bank. It may have been placed there by his son, as the evidence tends to show; but, if such was the fact, we think there is a presumption that it was put there by authority of his father. There is nothing in the record showing that a written acceptance was required by the laws of the defendant, and a failure to so accept it is not of vital importance.

2. SAME: acceptance of certificate by insured.

There was error in directing a verdict for the defendant, and in rendering judgment thereon. *Reversed.*