JOHN LEO, Appellant, v. JAMES LEO et al., Appellees.

No. 47214.

(Reported in 32 N. W. 2d 777)

JUNE 15, 1948.

Bruce McMullen, of San Francisco, California, and C. W. Antes, of West Union, for appellant.

O'Brien & O'Brien, of Oelwein, for appellees.

HAYS, J.—The property in question prior to 1939 was owned by defendant James Leo and his now deceased brother, Louis Leo, as tenants in common. Rosa Leo, widow of Louis Leo, became the owner of his half interest which she conveyed to her son, John Leo, plaintiff herein. In 1940 plaintiff conveyed his interest to defendant James Leo. At the time of this conveyance there were delinquent taxes due against the property, and repairs needed. James Leo procured a loan on the premises, paid the taxes, and made extensive repairs. He is now occupying the same. This suit is for a reconveyance to plaintiff of his one-half interest and for an accounting. The trial court found for defendants and from such a judgment plaintiff appeals.

Two basic propositions are urged by appellant as a basis for a reversal: (1) His motion for judgment on the pleadings should have been sustained, and (2) the evidence does not sustain the judgment.

I.  Was appellant entitled to a judgment on the pleadings? Appellant in paragraph 5 of his petition states:

"That about the time said real estate was conveyed to the plaintiff by his mother, Rosa Leo, said property was encumbered by a considerable amount of delinquent taxes, and it was agreed between the plaintiff and the defendant James Leo that plain-

tiff would convey said real estate to the defendant James Leo for the sole and only purpose of securing a loan on said real estate for a sufficient sum to pay said delinquent taxes and operate business. And it was further agreed that the defendant James Leo would reconvey to plaintiff said interest in said real estate and business after securing said loan. That in accordance with said agreement the plaintiff on the seventeenth day of June, 1940, conveyed the above described real estate to the defendant James Leo."

The petition further alleges that the loan was obtained (paragraph 6); that defendant refuses to reconvey (paragraph 7); and that defendant occupies the same without accounting therefor.

Appellees by answer and in paragraph 3 thereof state:

"The defendants further deny paragraphs three, four and five * * *. As to paragraph five they admit from the words, 'That about the time said real estate was conveyed, etc.' to the end of the paragraph [being the part of paragraph 5 above set forth]."

The answer also admits paragraphs 6 and 7 of the petition.

Appellant then moved for a judgment on the pleadings to which appellees file a resistance and also an amendment to their answer by adding thereto allegations that the conveyance was an absolute gift and deny the existence of any agreement to reconvey. The admission in paragraph 3 was not withdrawn. The trial court overruled the motion and trial was had. Apparently at the close of the testimony, appellees file an Amendment to Answer as Amended, wherein they withdraw the admission to paragraph 5 (as above set forth), claiming the testimony introduced as proof shows the conveyance was a gift. The question is also raised that Mary Leo, wife of appellee James Leo, is a necessary party but has not been brought in. Appellant resists this amendment, asserting same was without permission of the court; that it completely changes the issues and as to Mary Leo, if she be deemed a necessary party, that judgment under Rule 25(c), Rules of Civil Procedure, be entered.

Not until the adoption of our Rules of Civil Procedure was a judgment on the pleadings recognized as a statutory right. Prior thereto, however, the common-law right to same was recognized by the courts of this state. In Briley v. Board of Supervisors, 227 Iowa 55, 57, 287 N. W. 242, we said:

"While there is no statutory authorization for such a motion, it has been the practice of trial courts in this state to permit the filing of such a motion where the allegations of the answer raise no issue to be tried as, for instance, where the answer admits the amount due as claimed by plaintiff."

Materially bearing upon this question is the distinction, often overlooked, between admissions made in a pleading forming the issues and admissions in a pleading which has been superseded. In the former instance, as to such admissions, there is no issue; no proof is required; and the party making them is bound thereby. Raridan v. Central Iowa Ry. Co., 69 Iowa 527, 29 N. W. 599. In the latter instance, as to such admissions, they are not conclusive upon the party making them. He may show that they were made inadvertently or by mistake. Mulligan v. Illinois Cent. Ry. Co., 36 Iowa 181, 182, 14 Am. Rep. 514. See, also, Shipley v. Reasoner, 87 Iowa 555, 54 N. W. 470; Leach v. Hill, 97 Iowa 81, 66 N. W. 69; Williams v. Williams, 115 Iowa 520, 88 N. W. 1057. The trial court apparently viewed the admission made in the answer the same as if it had been superseded and offered in evidence, as he states in the decree:

"The admission of defendant in his answer to part of paragraph 5 of plaintiff's petition must be taken in connection with the matter contained in the entire answer and in his testimony. In defendant's amendment to answer and in his testimony the defendant claims that he is unqualifiedly entitled to the property in question * *. *. There is a well settled rule of law in this and other states that an admission made by a party out of court is simple evidence contrary to his claim in court but it is not conclusive against him."

From the authorities above cited it is clear that the admission of appellees as to paragraph 5 of appellant's petition

is conclusive upon them as to the question of a reconveyance, unless the amendment to answer, wherein appellees deny the alleged agreement and claim an absolute gift, creates an issue. Appellees so contend and the trial court must have so held.

A very similar situation was before this court in the case of Burns v. Chicago, Ft. M. & D.M. Ry. Co., 110 Iowa 385,389, 81 N. W. 794, 795. There, the defendant by one division of the answer admits the essential allegations of plaintiff's petition while by an amendment, in another division those allegations are specifically denied. In holding a judgment on the pleadings to be proper, we said:

"The plaintiff's cause of action having been conceded in that division, there was no occasion to look to others. Under such circumstances, the court was authorized to take the averments of the division most unfavorable to the pleader. * * * Had the defendant admitted and denied in the same division, or in an answer not divided, there could be no question but that the admission, rather than the denials, would be taken. The fact that the denials are all in one division, and the admissions in another, cannot change the rule, provided the admissions, as such, concede the plaintiff's cause of action. *When the right of recovery is once admitted, unless this is withdrawn or in some way avoided, no issue is tendered.*" (Italics supplied.)

In the instant case appellees admit their agreement to reconvey on request and their refusal to do so. Without withdrawing this admission, they then deny the agreement and allege a gift. No effort is made to in any way avoid the admission. Under the rule pronounced in the Burns case, supra, at the time the trial was commenced on the merits, no issue upon the question of a right to a reconveyance existed. It was admitted and appellees were concluded thereby.

The above pronouncements by this court were under the common-law right of a judgment on the pleadings. By the adoption of Rule 222, Rules of Civil Procedure, no change was made in the above rules, it simply created a statutory right where formerly it had been common law. Rule 222 provides:

"Any party may, at any time, on motion, have any judgment to which he is entitled under the uncontroverted facts stated in all the pleadings, or on any portion of his claim or defense which is not controverted, leaving the action to proceed as to any other matter of which such judgment does not dispose."

When the cause was tried to the court on its merits, but one issue was raised by the pleadings. That was the one wherein an accounting was prayed. The trial court determined the cause on the erroneous assumption that the question of a reconveyance was involved, and held that the conveyance was made as an absolute gift. The question of an accounting was therefore eliminated.

II. While appellant was entitled to a judgment on the pleadings, as before stated, the matter was tried to the court on its merits, and the question of the sufficiency of the evidence to sustain the judgment is before us on this appeal.

The record shows that the property involved is of substantial value. It is stated by appellee when appearing as a witness that he paid nothing for the deed and that he and appellant had agreed to procure a loan for the purpose of paying back taxes. It also appears that the loan could be obtained only by the appellee with the entire property as security. The loan was obtained and the taxes paid.

Both appellant and his mother appear as witnesses. Both state definitely that the deed was given on an agreement to reconvey. Both state that appellee, when asked to reconvey, stated that "I cannot give it to him yet." When appellee was requested to convey to appellant's mother, he said "no, it is yours and I will give it to you."

Appellee, as a witness, when asked on direct examination about a reconveyance said: "I don't remember that I ever told my nephew John that I would give the property back to him." Appellee states that it was never discussed about deeding the property to John. This is flatly contradicted by appellant, his mother and by appellee's wife. On cross-examination appears the following:

"Q. And that was a warranty deed, it named only a consideration of $1.00 in it, it isn't a gift deed, is it? A. No I don't know if it was a gift to me. Q. That he had deeded you a half interest, didn't you say 'I won't deed now because I owe $1,700 and wait till the debt is paid off and then I will deed it?' A. No, 'Wait till the debt is paid off and then I will talk about it.'"

■ ■ This case being in equity is triable de novo. As stated in Green v. Locomotive Engineers Mut. L. & Acc. Ins. Assn., 194 Iowa 1203, 1207, 190 N. W. 934, 936:

"The case is triable de novo, and our review of the evidence is not for the purpose of determining whether it was sufficient to justify the submission of the case to a jury, but for the purpose of determining the merits of the controversy."

We are satisfied from our examination of the record that the merits of the controversy require that the judgment of the trial court be reversed and that a reconveyance be required.

■ While Mary Leo, wife of appellee James Leo, the titleholder, is not a party to this action, she is a necessary party to making of a proper title. She should be brought into the proceedings under the provisions of Rule 25(c), Rules of Civil Procedure.

The cause is reversed with directions to enter judgment for appellant upon the issue of a reconveyance, for a full accounting between the parties, and a determination of the rights of Mary Leo.—Reversed and remanded.

MULRONEY, C. J., and OLIVER, BLISS, HALE, GARFIELD, WENNERSTRUM, and MANTZ, JJ., concur.

SMITH, J., concurs in result, based on Division II.