Robert M. BIGELOW, as Administrator of the Estate of Linda Jo Bigelow, Deceased, Appellant,

v.

Robert A. WILLIAMS et al., Appellees.

No. 54630.

Supreme Court of Iowa.

Jan. 14, 1972.

Zimmerman, Zimmerman & Pesch, Waterloo, for appellant.

Larson & Carr, Charles City, for appellees.

BECKER, Justice.

Plaintiff, as Administrator, brings action for wrongful death caused by a motor vehicle collision. After a series of motions and amendments the trial court, on August 21, 1970, dismissed Divisions II through V of plaintiff's second amended and substituted petition. On September 9, 1970, plaintiff filed amendments to second amended and substituted petition as to one defendant Robert Williams, hereafter referred to as defendant. On September 10, 1970, plaintiff apparently treated the August 21 order as final within the meaning of rule 332, Rules of Civil Procedure, and filed notice of appeal. On September 16, 1970, defendant filed another motion to dismiss plaintiff's petition. This motion was sustained on November 6, 1970. Plaintiff also filed notice of appeal from the November 6 order.

From the foregoing recital it is apparent the appellate posture of this case is entirely unsatisfactory because of failure to follow the rules of civil procedure. The pleadings at the trial level are also in bad shape for the same reason. The two appeals were combined for submission. It is now apparent that both were premature and the appeals must be dismissed. Unfortunately we are required to trace the tortuous series of petitions, amendments, motions and rulings thereon to place our present problems in perspective.

I. Plaintiff's attorney obviously experienced great difficulty is pleading his claimed cause of action. His first several efforts were met with motions to dismiss which were consistently sustained. We first consider plaintiff's assignments of error relating to the August 21, 1970 order. The order was a ruling on defendant's motion to dismiss plaintiff's second amended and substituted petition, as amended. The petition contained five divisions. Motion to dismiss prior petitions as amended had twice been sustained. The order sustained the motion to dismiss as to Divisions II through V. Division I was not alluded to and, although it too was subject to the same ruling, the court did not in fact dismiss Division I.

II. Plaintiff filed notice of appeal from the adverse ruling noted above. This was an attempt to appeal from an interlocutory order contrary to rules 331 and 332, Rules of Civil Procedure. Crowe v. De Soto Cons. Sch. Dist., 246 Iowa 38, 40, 66 N.W.2d 859, 860 (1954).

As we analyze the state of the case on August 21, 1970, the petition had not been dismissed. Division I still remained. Plaintiff could therefore amend at any time before a responsive pleading was filed, rule 88, R.C.P., or before the court acted further to dismiss Division I. Stated otherwise the order did not become final after seven days under rule 86, R.C.P.

An order to dismiss part of a petition is ordinarily not directly appealable in

the absence of some affirmative provision by statute or rule. Johnson v. Iowa State Highway Comm., 257 Iowa 810, 811–813, 134 N.W.2d 916 (1965). Cf. 1 A.L.R.2d 422, 431 and Later Case Service. Of course the rule is otherwise if the petition alleges several distinct causes of action which are separable. McGuire v. City of Cedar Rapids, 189 N.W.2d 592, 598 (Iowa 1971). We have no such pleading situation here. Cf. Weir v. Brune, 364 Mo. 415, 262 S.W.2d 597 (1953).

An interlocutory appeal without compliance with rule 332, R.C.P., is subject to dismissal. Allen v. Lindeman, 164 N.W.2d 346, 350 (Iowa 1969).

III. On September 9, 1970, more than seven days after the August 21 order but before any further action was taken by defendant or the court, plaintiff amended the still undismissed Division I of his petition. Defendant moved to dismiss *the amendments to Division I* on the following grounds: (1) failure to amend within seven days after last order on previous motion to dismiss was entered, (2) failure to state a cause of action, (3) previous plats filed with prior petitions and amendments are contra to the latest plat filed, under rule 89 are still a part of the pleadings herein, and show affirmatively that defendant's car was actually pointed at a 90-degree angle away from plaintiff's decedent as she approached the stop sign (4) plaintiff has not attempted to change the petition a fourth time and all pleadings, taken together, show plaintiff failed to state a cause of action. On November 6, 1970, the court sustained defendant's motion *to dismiss the amendments* without reference to the grounds on which the ruling was based. No further amendment was filed but no further action was taken. The situation as to the November 6 order is exactly the same as it is as to the August 21 order; i. e., part of Division I is still extant. However, since plaintiff may still amend Division I and under the peculiar circumstances of this case, we feel impelled to discuss the propriety of the November 6 order.

IV. Under Division I, as finally amended, plaintiff claims decedent was driving south on U. S. Highway 218 as it approaches a Y intersection with U. S. Highway 18. Her car collided with a car driven by Earl Steffen (also a defendant but not involved in this appeal). Southbound traffic on U. S. Highway 18 is controlled by a stop sign at the junction of the two highways. Plaintiff alleges defendant parked his car on the westerly edge of Highway 18, facing north, in close proximity to the aforesaid stop sign. He further alleges defendant's car, while so parked, had the high-intensity beam headlights on and several feet of defendant's car "protruded, jutted and extended into the approach to said stop sign all as indicated * * * on Exhibit A which is attached hereto and by this reference made a part hereof." This was followed by six specifications of negligence which included, among others parking within ten feet of a stop sign contrary to section 321.358(6) of the Code and obscuring the stop sign with the high-intensity beam of his headlights. The petition as amended also contained allegations of proximate cause and damage.

As indicated above, Division I was still before the court and could be so amended. The new amendment struck prior exhibits A and B which were incorporated by reference in old paragraph 5 and which had occasioned the inconsistencies resulting in dismissals of Division II through V. The new paragraph 5 made substantially different allegations and incorporated a new plat. This plat, unlike the prior plats attached to the earlier pleadings, appears to be consistent with plaintiff's allegations.

In Wolfswinkel v. Gesink, 180 N.W.2d 452, 457 (Iowa 1970), we noted:

"It is now well established that where a doubtful pleading is directly attacked by motion before issue or in the answer as permitted by rule 72, Rules of Civil Procedure, it will be resolved against the

pleader. This rule is qualified, however, by the additional provision that if the petition does allege ultimate facts upon which plaintiffs might recover and states a claim under which evidence may be introduced in support thereof, the petition should be construed in the light most favorable to the plaintiff with doubts resolved in his favor and the allegations accepted as true. Nelson v. Wolfgram, Iowa, 173 N.W.2d 571, 573, and citations."

In Vermeer v. Sneller et al., 190 N.W.2d 389, 393 (Iowa 1971). We said:

"Conceding further the petition here is not a sterling example of pleading art, it can be logically interpreted to allege Wesselink Insurance Agency, Inc. was agent appointed by the school board for the purpose of receiving the statutory notice. ' * * * [T]he motion to dismiss is a waiver of any ambiguity and uncertainty in the pleading. 71 C.J.S. Pleading § 563 c'; Case v. Sioux City, 246 Iowa 654, 659, 69 N.W.2d 27, 30 (1955). We have also held a motion to dismiss is sustainable only where it appears to a certainty a plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claims asserted by him. Allied Concord Financial Corp. v. Hawkeye Lbr. Co., 172 N.W.2d 264, 266 (Iowa 1969); Newton v. Grundy Center, 246 Iowa 916, 920, 70 N.W.2d 162, 164 (1955)."

■ When Division I as amended on September 9 is carefully examined sufficient ultimate facts have been alleged to form a basis for an action.

■ V. Defendant seems to argue that the various petitions and amendments thereto are all to be considered in determining whether or not the second substituted and amended petition, as amended, states a cause of action. Such is not the rule. The withdrawn or superseded pleadings are not to be considered. The early

case, Shipley v. Reasoner, 87 Iowa 555, 557, 54 N.W. 470, 471 (1893), states:

"In considering this question, it may be well to first notice a few well-established rules relating to pleadings as evidence. It is unquestionably the rule that admissions made in the pleadings forming the issues being tried are proper to be considered without being introduced in evidence. They go to the court and jury, not as evidence, but for the purpose of showing what the issues are. As to such admissions, there is no issue; no proof is required; and the party making them is bound thereby. Raridan v. Central Iowa Railway Co., 69 Iowa, 527, 29 N.W. 599; Hambell v. O'Neal, 39 Iowa 562. A party desiring to withdraw an allegation or admission made by him in a pleading may do so by amendment, or by a substituted pleading. Iowa County v. Huston, 43 Iowa, 485; Johnson v. McGrew, 42 Iowa, 555. Pleadings that have been superseded remain a part of the record in the case, even though withdrawn, and 'may be introduced in evidence against him.' Raridan v. Central Iowa Railway Co., *supra*. Admissions in a pleading that have been superseded are not conclusive upon the party making them. He may show that they were made inadvertently or by mistake. Ayres v. Hartford Fire Insurance Co., 17 Iowa, 176, 179; Mulligan v. Illinois Central Railway Co., 36 Iowa, 181, 182; Raridan v. Central Iowa Railway Co., *supra*. It will be observed that the following distinctions exist between the pleadings upon which the case is tried and those that have been superseded. The former is before the court and jury of necessity, without offer, not as evidence, but to show the issues to be tried; and admissions made therein are taken as true, and conclusive against the party making them. The latter is not necessarily before the court and jury, and, if before them are only as evidence, is not conclusive, and may be shown to have been made inadvertently or by mistake,

or, as stated in the instruction, may be contradicted or explained."

The above rules have been consistently followed by this court. Clubb v. Osborn, 260 Iowa 223, 227, 149 N.W.2d 318 (1967); Barnard v. Cedar Rapids City Cab Co., 257 Iowa 734, 748, 133 N.W.2d 884 (1965); Leo v. Leo, 239 Iowa 873, 876, 32 N.W.2d 777 (1948). Rule 89, R.C.P., does not change the above rules but is complementary to them.

Since both appeals were interlocutory in nature this appeal is dismissed. Plaintiff shall have seven days from the issuance of procedendo to again file amendment to his petition if he so elects.

Appeals dismissed.

All Justices concur, except HARRIS, J., who takes no part.