James A. BINDEL, a minor, by George Bindel, his Natural Father and next friend, Appellant,

v.

IOWA MANUFACTURING COMPANY OF CEDAR RAPIDS, Iowa, Appellee.

No. 54924.

Supreme Court of Iowa.

May 11, 1972.

James E. Van Werden, Adel, and Martin E. Spellman, Perry, for appellant.

D. M. Elderkin, Cedar Rapids, for appellee.

MOORE, Chief Justice.

This is an appeal from the trial court's order sustaining defendant's motion to dis-

miss plaintiff's three-division petition seeking personal injury damages. We reverse and remand.

The record before us consists of a copy of plaintiff's petition, defendant's motion to dismiss asserting plaintiff failed to state any claim upon which any relief could be granted and the lower court's ruling sustaining defendant's motion in toto.

After the lower court's ruling plaintiff did not plead over within the time permitted by rule 86, Rules of Civil Procedure, from which it follows plaintiff elected to stand on the record. The order thus became a final adjudication. Gradischnig v. Polk County, Iowa, 164 N.W.2d 104, 105; Hosfelt v. Lacey, Iowa, 160 N.W.2d 519, 520.

I. Before considering this matter on the merits we first consider defendant's motion to dismiss plaintiff's appeal. It was filed two days before plaintiff filed the printed record. A few days after the typewritten abstract of record was filed by plaintiff as required by rule 340(a), R.C.P., he commenced another action alleging substantially the same cause of action. He dismissed it without prejudice approximately thirty days later.

Defendant's motion, which we ordered submitted herewith, asserts plaintiff waived and abandoned his appeal. We do not agree. Defendant cites and relies on cases where a new action was instituted before appeal from the first was commenced. They are factually distinguishable from the case at bar.

In considering a claimed waiver and abandonment of an appeal in Vermeer v. Sneller, Iowa, 190 N.W.2d 389, 395, we say:

"We have said waiver is the voluntary relinquishment of a known right. Babb's, Inc. v. Babb, 169 N.W.2d 211, 213 (Iowa 1969); Perkins v. City National Bank of Clinton, 253 Iowa 922, 935, 114 N.W.2d 45, 52–53 (1962). It

must be made intentionally and with knowledge of the circumstances. Grandon v. Ellingson, 259 Iowa 514, 521, 144 N.W.2d 898, 903 (1966). Certainly it would be ignoring realities to say these plaintiffs, in paying the minimal costs below, knowingly and intentionally, with knowledge of the circumstances, waived their right to a decision from this court."

In response to defense counsel's inquiry, plaintiff's counsel states in the reply brief the second action was commenced. "In order to expedite the taking of depositions and to save expense." This and the fact plaintiff before and after starting the second action actively pursued the appeal negates a known and intentional waiver and abandonment of his appeal. Defendant's motion to dismiss this appeal is denied. We believe State v. Olson, 259 Iowa 756, 145 N.W.2d 645, supports this conclusion.

II. Repeating at length all allegations contained in plaintiff's petition and the motion to dismiss would unduly extend this opinion.

In brief, plaintiff in division I alleges that on March 3, 1969, as an employee of Gendler Stone Products Company, he was cleaning accumulated stone products from the bin of a "Cedarapids" rock crushing machine, manufactured by defendant, Iowa Manufacturing Company, and was caught by a shaft which protruded nine inches causing him to be thrown, twisted and severely injured. In paragraph 6 plaintiff alleges:

"That the Defendant, Iowa Manufacturing Company, was negligent in each and all of the following grounds and particulars:

"a. In improperly designing the "Cedarapids" machine referred to herein, so as to make it unsafe for persons such as this Plaintiff to work around and about said machine, under the conditions and circumstances then and there existing.

"b. In improperly manufacturing the machine referred to herein so as to make

it unsafe for persons such as this Plaintiff to work around and about said machine under the conditions and circumstances then and there existing.

"c. In failing to provide an adequate cover or guard over the exposed shaft which caught this Plaintiff so as to make it unsafe for persons such as this Plaintiff to work around and about said shaft under the conditions and circumstances then and there existing.

"d. In failing to warn the users, including this Plaintiff of said machine of its capabilities, dangers, maintenance and use.

"e. In failing to adequately test said machine prior to and during its use on this particular job site so as to make it unsafe for persons such as this Plaintiff to work around and about said machine under the conditions and circumstances then and there existing.

"f. In failing to give notice to the users of this machine including this Plaintiff, of its capabilities, capacities, maintenance, use and dangers."

Plaintiff further alleges proximate cause, damages and prays for judgment against said defendant for $960,000.

Divisions II, IV and VI asserted claims against another defendant not involved in this appeal.

Division III by reference incorporates all paragraphs in division I except paragraph 5 which directly alleges the machine was manufactured by defendant, Iowa Manufacturing Company. Plaintiff further alleges defendant "did represent and warrant said 'Cedarapids' machine to be a safe, suitable and fit for the use and purpose for which it was being used at the time the Plaintiff was injured." Division III alleges breach of expressed and implied warranty.

Division V by reference incorporates all of division I and includes the allegation, "Defendant, Iowa Manufacturing Company

of Cedar Rapids did design, manufacture, assemble and sell said 'Cedarapids' machine and provide said machine to this Plaintiff in a defective and unsafe condition, and is therefore strictly liable for all damages caused by said defective and unsafe machine to Plaintiff herein."

Defendant's motion to dismiss asserts each division of plaintiff's petition fails to state any facts upon which relief could be granted. It states division I is vague, uncertain, indefinite and fails to allege any duty or breach; division III fails to sufficiently plead breach of any express or implied warranty and the allegations of division V do not give rise to the doctrine of strict liability.

The thrust of the lower court's ruling is that plaintiff pleaded conclusions rather than ultimate facts and plaintiff "has not plead with sufficient specificity."

Rule 67, R.C.P. provides pleadings and motions are to be construed and enforced to secure a just, speedy and inexpensive determination of all controversies on their merits. Rule 104(b) provides: "Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim, filed before answer."

■ Much has been written regarding construction of pleadings when attacked by a motion to dismiss. Our earlier cases create some uncertainty as to the applicable rules. However, it is now well settled that where a doubtful pleading is attacked by motion before answer doubt will be resolved against the pleader. This rule is qualified by the additional provision that if the petition does allege ultimate facts upon which plaintiff might recover and states a claim under which evidence may be introduced in support thereof, the petition should be construed in the light most favorable to the plaintiff with doubts resolved in his favor and the allegations accepted as true. Bigelow v. Williams (Iowa), 193 N.W.2d 521, 523, 524; Wolfswinkel v. Gesink (Iowa), 180 N.W.2d 452, 457; Nelson v. Wolfgram (Iowa), 173 N.W.2d 571, 573, and citations.

We have also held a motion to dismiss is sustainable only where it appears to a certainty a plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claims asserted by him. Bigelow v. Williams, supra; Vermeer v. Sneller (Iowa), 190 N.W.2d 389, 393; Stearns v. Stearns (Iowa), 187 N.W.2d 733, 734; Ke-Wash Company v. Stauffer Chemical Company (Iowa), 177 N.W.2d 5, 9.

After careful examination of the pleaded ultimate facts with the above stated rules in mind we conclude plaintiff's allegations in each division of his petition are sufficient to defeat defendant's motion to dismiss. The trial court erred in sustaining said motion. The resulting judgment is reversed and held for naught.

This cause is remanded to the trial court for an order overruling defendant's motion to dismiss and for further proceedings including consideration of defendant's pending motions for more specific statement and to strike.

Reversed and remanded.

All Justices concur, except McCORMICK, J., who takes no part.