WHITE v. THE WABASH, ST. LOUIS & PACIFIC R'Y CO.

64 281,
f110 387
64 281
112 603

1. **Railroads**: DAMAGES FOR RIGHT OF WAY: PAYMENT TO SHERIFF IS NOT PAYMENT TO LAND-OWNER: RECOVERY OF LAND FOR NON-PAYMENT. Payment by a railway company to the sheriff of the damages awarded by the commissioners under the statute for the right of way over another's land, is not payment to the land-owner, and, where the sheriff fails to pay the amount to the land-owner, the failure must be imputed to the company, whose agent he is rather than the agent of the land-owner, and in such case the land-owner may recover the possession of the land for non-payment.

*Appeal from Monroe District Court.*

TUESDAY, SEPTEMBER 16.

THIS is an action to recover the possession of land occupied by defendant with its railroad track, being a strip one hundred feet broad extending through plaintiff's farm. A demurrer to defendant's answer was sustained, and a demurrer to an amendment to plaintiff's petition was overruled. The defendant failing to plead further, and the plaintiff's damages being assessed by a jury, judgment in favor of plaintiff was rendered, from which defendant appeals.

*T. B. Perry*, for appellant.

*Dan'l Anderson*, for appellee.

BECK, J.—I. The petition shows that in an *ad quod damnum* proceeding, instituted by the Des Moines & St. Louis Railway Company, the value of the land sought to be appropriated for the use of the railway was assessed at $2,000, by the commissioners appointed in pursuance of the provisions of the statute. From this assessment the railway company appealed. Upon this appeal the cause was settled, and by agreement a judgment was rendered in favor of plaintiff for the amount of the assessment of the commissioners and interest, amounting to $2,087.17. It is further

shown that, prior to the judgment upon the appeal, the defendant, under some arrangement with the Des Moines & St. Louis Railway Company, without plaintiff's consent, entered upon the land and commenced operating its trains thereon, and that no part of the sum awarded to plaintiff as the value of his land by the judgment of the court has been paid. The plaintiff demands judgment for the possession of the land and for damages.

The answer of the defendant, among other things, sets up that it is the successor to the rights of the Des Moines & St. Louis Railway Company, which, after the assessment of plaintiff's damages by the commissioners, appealed therefrom, and thereupon paid to the sheriff the sum of $2,000 awarded to plaintiff, which has not been repaid to defendant, nor to the Des Moines & St. Louis Railway Company, and that neither has control over or right to the money. It admits that the amount allowed for interest by the judgment upon the appeal, $87.17, has not been paid to plaintiff or deposited for her use, but makes a tender thereof with interest, and brings the same into court.

By an amendment to her petition, plaintiff shows that the sheriff has failed and refused to pay to her the amount deposited with him, $2,000, and that he is insolvent, and has been since he received the money.

A demurrer by defendant to plaintiff's amended petition was overruled, and a demurrer by plaintiff to defendant's answer was sustained. These rulings are assailed by defendant's assignments of errors in various forms of objection. They however present this question, the solution of which will prove decisive of the case, namely:

Did the payment of the money to the sheriff, without the further fact of payment by him to plaintiff, or its receipt by her, relieve defendant of all liability to pay the money to plaintiff, and clothe it with the right to hold the land, notwithstanding the fact that the land-owner had never received the damages assessed to her?

II.   The question here presented is one of great difficulty, and we are unable to reach a conclusion free from grave doubts.   The difficulty arises from the absence of explicitness and clearness in the constitutional and statutory provisions applicable to the question before us.

Article 1, section 18, of the constitution of the state is in this language: "Private property shall not be taken for public use without compensation first being made, or secured to be made, to the owner thereof, as soon as the damages shall be assessed by a jury,     *     *     *     . "

The object of this provision is to forbid the appropriation of private property to public use without compensation.   It contemplates separate conditions and circumstances under which the possession and use of the property may be taken by the public.

1. The pre-payment of compensation before the possession of the property is taken.   This may be done where the necessity for its immediate use does not require that possession be taken before the value of the property may be ascertained in the manner prescribed by law.

2. The payment of compensation after the possession of the property has been taken for public use.   Necessity for this may arise by reason of the urgency of the public demand for the immediate possession of the property, and unavoidable delay in assessing its value in the manner prescribed by law. This is illustrated in the proceedings for the condemnation of private property whereon railroads are constructed.   The parties have the right of trial by jury and of appeals, as in all other cases wherein the property of the citizen is involved.   While the proceedings are pending a year or more may elapse.   To delay the construction of railroads until all litigation involving the compensation to be paid for the right of way is ended, would seriously embarrass if not defeat their construction.   Hence, the constitution so provides that, when proceedings are instituted to take lands for public use, they may be entered upon after payment of compensation, to be

thereafter determined, has been secured.   It surely cannot be claimed that the constitution contemplates that the land-owner may be wholly deprived of his property; that his title and right of possession may be defeated in the absence of compensation, and that proceedings authorized by law may be had which, when ended, will deprive the citizen of his property without compensation.   It cannot be possible that the provision intends to substitute for compensation actually paid, security for its payment.   Neither in the law nor in the business transactions of the people does security for the payment of money or the performance of an obligation take the place of payment or performance; it is simply intended to make more certain payment or performance.   The constitution cannot be presumed to intend the gross injustice of authorizing the appropriation of the property of the citizen, and providing that he shall have in its place security for compensation.

III.   The object of the provision requiring security for compensation appears to be to protect and compensate the owner in case his land is entered, pending proceedings for the assessment of its value, and, after final determination thereof, and before payment of damages, the occupancy of the land is abandoned.   The owner's title and right of possession can be extinguished only by the payment of the damages assessed. But, for reasons based upon the necessity for the immediate possession of the lands by the public, entry thereon is permitted at once, which, however, is but temporary and permissive until the compensation finally determined in the proceedings is paid.   The railroad company enters the land under obligation to pay the compensation to be determined in the proceedings authorized by law.   Security for the performance of the obligation is required by the constitution. In case of failure to perform the obligation, it acquires no right based upon the fact that it has given the security required.   By failure to pay the damages assessed in favor of the land-owner, its temporary and permissive right of

occupancy terminates, and it must surrender the land to the owner.

The statutes of this state provide that, when it is necessary to take private property for the construction of railways, commissioners appointed by the sheriff of the county assess its value, and make report thereof in writing to that officer. Thereupon it becomes lawful for the railway company, upon payment of the sum assessed to the sheriff for the use of the owner of the property, to enter upon and hold the land for the public use for which it is condemned. Code, § 1244. Either party may appeal. Section 1254. But "an appeal shall not delay the prosecution of the work upon said railway, if said corporation pays or deposits with the sheriff the amount assessed by the commissioners; said sheriff shall not pay such deposit over to the person entitled thereto after the service of notice of appeal, but shall retain the same until the determination thereof." Section 1255.

These provisions are in harmony with the constitution. The payment of the money to the sheriff cannot be regarded as a payment to the land-owner. Section 1244 provides that the amount of damages shall be paid to the sheriff "for the use" of the owner of the land. This evidently means nothing more than that it shall be paid by the sheriff at the proper time to the owner. The sheriff cannot be regarded as the agent of the owner, but rather as the agent of the railway company, which invoked his services by instituting the proceedings. The money cannot be regarded as having been paid into court, and therefore in the custody of the law. But, if this be not so, the payment to the sheriff is not payment to the land-owner.

If, through the unfaithfulness or mistake of the sheriff, or the failure to pursue the directions of the statute, the money should be lost, and not reach the hands of the land-owner, the loss ought not to fall upon him, but rather upon the railway company, which was the mover in the proceedings, and

received the benefits flowing from them. *Blackshire v. A., T. & S. F. R'y Co.*, 13 Kan., 514.

This court has held that the land owner is entitled to damages in the nature of interest upon the money for the time it is in the hands of the sheriff. *Noble v. Des Moines & St. Louis R'y Co.*, 61 Iowa, 637. If the money on deposit with the sheriff is to be regarded as having been paid to the land owner, surely he could not recover damages or interest for its detention.

For another reason it is plain that the deposit of the money in the hands of the sheriff is not to be regarded as payment to plaintiff. If the land-owner recovers upon appeal a sum less than was awarded by the commissioners and paid to the sheriff, he will recover from the sheriff no more than that sum. Code, § 1259. If the law regarded the money in the hands of the sheriff as having been paid to plaintiff, he would, at the termination of the proceedings, be entitled to recover all of it from the sheriff.

It is our opinion that plaintiff was not barred of his action to recover the land by the payments made to the sheriff. The rulings of the district court upon the several demurrers were therefore correct. Our conclusion finds support in *Blackshire v. A., T. & S. F. R'y Co.*, 13 Kan., 514. See, also, Mills on Eminent Domain, §§ 131, 132, and authorities cited. The judgment of the district court is

AFFIRMED.