## Lewis *et al.* v. St. Paul, M. &. M. Ry. Co.

1. The trustees named in a trust deed of real property are, under the provisions of Section 4872, Comp. Laws, the proper parties plaintiff in an action to recover the possession of the property conveyed by such trust deed, alleged to be unlawfully withheld by the defendant, and to recover damages for the unlawful withholding of the same.

2. A complaint that alleges that the plaintiffs own the property, describing it, and have owned it since a specified date; that they own and hold it by virtue of a trust deed made by the former owner to the plaintiffs in trust for certain beneficiaries named; that the defendant, without right or title, entered into possession of a described portion of it, ousted and ejected the plaintiffs therefrom, and does now unlawfully withhold the same, to the plaintiffs' damage, etc., states a good cause of action.

3. The instrument offered in evidence to which objection is made, or so much of it, or such a statement of its contents or character, as may be necessary to present the point of objection, must be inserted in the abstract; and when not so inserted the objection will be disregarded. Formal and unnecessary parts of the instrument may and should be omitted.

4. When an award made in condemnation proceedings, taken by a railway company to obtain a right of way, has been introduced in evidence, it is competent for the opposing party to introduce in evidence the written order of the judge appointing commissioners, for the purpose of

showing that one of the persons who signed the award as commissioner was not one of the commissioners appointed by the judge.

5. Parol evidence is incompetent to contradict such written order by showing that one of the persons named in the written order had departed from the jurisdiction of the court, and that the person purporting to sign the award was appointed a commissioner by the judge in the place of the one named in the written order, in the absence of proof of the loss or destruction of the written order substituting such new commissioner in place of the one absent; and the court, though admitting such parol evidence on the trial, properly disregarded it in his findings of fact and final decision of the case.

6. Commissioners appointed by the judge in condemnation proceedings are not officers, and there can be no *de facto* commissioners. Persons claiming to act as commissioners must be legally appointed, or their award will be invalid.

7. Recitals in the award that the commissioners were duly appointed by the judge and legally summoned by the sheriff are not facts required to be stated in the award, and do not prove that the commissioners were duly and legally appointed, who purport to sign the award.

8. When it is attempted to acquire title to land, or to take from its owner his right to the unrestrained use of it, under the right of eminent domain, the statutory proceedings for its exercise delegated to corporations must be strictly followed, and should affirmatively appear, as in all other statutory proceedings.

9. The proceeding is a special one, not coming within the ordinary powers of a judge as such, but to be exercised by him under the statute. The presumptions, therefore, that are indulged in favor of the jurisdiction of superior courts, do not apply to such proceedings of the judge to condemn property under the statute. The jurisdiction of the judge to act must therefore be affirmatively shown by a proper petition stating the jurisdictional facts.

10. Condemnation proceedings under the statute of this state must be in writing, and made a record of the court.

11. A party is not precluded from availing himself of his common law remedy to recover the possession of real estate claimed to have been taken by a railway company under condemnation proceedings by appearing before the persons claiming to act as commissioners, and introducing evidence before them, and by appealing from their award, when it is shown that such award was made by persons one of whom was not legally appointed a commissioner by the judge, so far as the record shows.

(Syllabus by the court.   Opinion filed April 3, 1894.)

Appeal from circuit court, Brown county. Hon. A. W. CAMPBELL, Judge.

Action to recover the possession of certain land alleged to have been unlawfully withheld by defendant, and for damages for its detention. Plaintiffs had judgment, and defendant appeals. Affirmed.

The facts are fully stated in the opinion.

*W. E. Dodge* and *J. H. Perry,* for appellant.

The various statutes of the territory relating to the duties of the district court and the manner and legal effect of the acts of the judge of such court while acting in a judicial capacity including the statutes relating to motions and orders, and the time and manner of execution, entry and filing thereof, have no application to the judge while acting under the authority vested by sections 452 and 453 of the Civil Code for appointing commissioners to assess damages arising from the appropriation of private property. People v. Smith, 21 N. Y. 595; Railway v. Dickinson, 30 Wis. 389; Klien v. Railroad Co., 30 Minn. 451; Mills on Eminent Domain, Sec. 89; Rorer on Railroads, Vol. 1 p. 424.

No question is raised as to the legality of the appointment of the original commission, and no question but what the vacancy existed, and no question that the judge did not select the commissioner Williams to complete the panel. The fact that a written order was made which omitted the name of the commissioner so selected cannot operate to render invalid a selection by the judge in fact made, and which the law did not require to be evidenced by an order.

If the statute had required an order as evidence of the judge's selection the omission of a name necessary to complete it, give it life, and make it possible to effectuate the intent of the person or tribunal speaking through it might have been legally supplied as it was by parol. Blair v. Barnes, 8 Pac. 569; Stanley v. Greene, 12 Cal. 148; Ames v. Lowry, 30 Minn. 283; Garrison v. Owens, 1st Pinney, 471. The application of

the rule is the same to an order or decree, as to any other record evidencing a fact or state of facts. Greenleaf on evidence, Sec. 301; Pitts v. Brown, 49 Ver. 86; Belle v. Morse, 6 N. H. 205; Allen v. Kingsbury, 16 Pick 235; Milling v. Crankfield, 1 McCord, 262.

The report of the commissioners, coupled with proof of the payment of the award constituted a perfect legal defense in ejectment, and such report having been made by statute *prima facie* evidence of the facts therein recited cannot be collaterally impeached or attacked in ejectment. Lewis on Eminent Domain, p. 532 Sec. 419, p. 532; Smelting Co. v. Kemp, 104 U. S. 641; Ming v. Foote, 23 Pac. 515; Smith v. Pipe, 3 Colo. 187; Sherry v. Sampson, 11 Kan. 611; Wilcox v. Smith, 5 Wend. 231; People v. Collins, 7 Johns, 549; McInstry v. Tanner, 9 Johns, 125; Fowler v. Beebee, 9 Mass. 231; Mets v. Anderson, 23 Ill. 463; Trumbo v. People, 75 Ill. 565; Morris v. State, 55 Hun. 476; People v. Nelson, 27 N. E. 217; Osborne v. State, 27 N. E. 345; Hull v. Railroad Co., 32 N. W. 162.

Even if no condemnation proceedings had ever been instituted or those instituted were void upon their face, plaintiffs and their grantors have by acquiéscense in defendant's entry and possession as well as by recognition of and acquiescense in the jurisdiction of the commissioners, waived their right to maintain ejectment and are estopped. Their only present remedy is by condemnation proceedings, which under the Dakota statute are available alike to the land owner and to the company. Rheiner v. Railroad Co., 14 Am. & Eng. R. R. Cases, 373; Railroad Co. v. Reddick, 17 Am. & Eng. R. R. Cases, 107; McAuley v. Railroad Co., 33 Ver. 311; Wright v. Board, 13 East. 210; Railroad Co. v. Taylor, Am. & Eng. Cases, 123; Lawrence v. Railroad Co., 30 Am. & Eng. R. R. Case, 309; Rorer on Railroads, p. 338.

*F. A. Luse,* for respondent.

The order appointing the commissioners for condemnation proceedings under our statute should be in writing. Trester v.

Railroad Co., 49 N. W. 1112. But even were it true that the court could make these appointments without a written order, and then having thus made them it could be proved by parol testimony whom he did appoint, yet it would be of no avail to the defendants in this action. The Judge made written orders and having made them they are the only evidence as to what was done. Where the court actually makes a record of its proceedings such record is, to the exclusion of all other records, and all other evidence conclusive as to his action. Wharton on Evidence, 984; Estland v. Fogg, 58 Wis. 274; Benway v. Bond, 2, Pinney, 452; Kelley v. Dresser, 93 Mass. 31; Saylor v. Briggs, 45 Mass. 423; Mudge v. Yaples, 58 Mich. 309; Montgomery v. Merrill, 36 Mich. 104; Wesson v. Newton, 68 Mass. 115.

Where a Railroad Company enters upon land after having secured the right to use said land, either by the consent of the owner or by condemnation proceedings, then the owner can use any of his common law rights, can sue in trespass, or bring a suit in ejectment, and if it become necessary for the courts to protect the rights of the public they can do so by staying the execution in ejectment until the Railroad Company shall have had time to condemn the land. Railroad Co. v. Barker, 17 N. E. 797 and 25 N. E. 785; Bohlman v. Railroad Co. 30 Wis. 105; Sherman v. Railroad Co. 40 Wis. 157; White v. Railroad Co., 64 Io. 281; Hull v. Railroad Co., 32 N. W. 162; Railroad Co. v. Frink, 24 N. W. 439; McClinton v. Railroad Co., 66 Pann. 404; Cox v. Railroad Co., 48 Ind. 178; Railroad Co. v. Colwell, 15 Alt. 927; Railroad Co. v. Warrell, 16 Atl. 20.

Proceedings to condemn land are statutory proceedings whereby the title of the land is without the consent of the owner transferred to the third party and must be in all cases strictly followed from beginning to the end, and the record of such proceedings must show upon its face that the statute has been strictly followed or no title passes and the proceedings are a nullity. Carran v. Shattuck, 24 Cal. 433; Bensley v.

Water Co., 13 Cal. 306; Gilmer v. Lime Point, 19 Cal. 471; Stanford v. Worn, 27 Cal. 174; Thatcher v. Powell, 6 Wheat. 119; Jeffries v. Swampscott, 105 Mass. 535; Blaisdell v. Winthrop, 118 Mass. 138; Railroad Co. v. Barker, 17 N. E. 97 and 25 N. E. 785; People v. Williams, 36 N. Y. 441; People v. Hinds, 30 N. Y. 470; Elderd v. Seahy, 31 Wis. 550; Judson v. Bridgport, 25 Conn. 428; Nicholas v. Bridgport, 23 Conn. 208; Dellion on Mun. Corp. 604, 605, 607; Griffith v. Rissing, 3 Cush. 75; People v. Brighton, 20 Mich. 71; Bolhman v. Railroad Co., 40 Wis. 159. The objection that the commissioners were not duly appointed goes to their jurisdiction to act and cannot be waived, and the taking of an appeal never waives it. Plummer v. Bank, 33 N. W. 150.

CORSON, P. J. The complaint is as follows: "First, That they [the plaintiffs] do now, and have since the 9th day of July, A. D. 1888, owned and held blocks forty-six (46), fifty-one (51), fifty two (52), sixty (60) and sixty-one (61) in the Northwestern addition to the city of Aberdeen, Brown county, South Dakota. Second, That they own and hold said property as trustees under and by virtue of a deed of trust made by one J. P. Cadieux to plaintiffs as trustees for the benefit of Joseph Sears, Geo. W. Webster, W. P. Anderson, and J. P. Cadieux, who are the real owners of the same. Third, That without right or title the defendant has entered into possession of a strip of the said land one hundred feet wide, running across said land hereinbefore described, being that strip upon which defendant's railroad tracks are now laid; and ousted and ejected plaintiffs therefrom, and now unlawfully withhold the possession thereof from the plaintiffs, and has so unlawfully withheld the possession at all times since the 19th day of July, 1888, to plaintiff's damage in the sum of three thousand dollars. Wherefore plaintiffs demand judgment against said defendant for the possession of said land, and for the sum of three thousand dollars damages for withholding the same." The defendant answered,

denying the allegations of the complaint, except its possession, and pleaded title in itself as follows: "Defendant alleges that since a date long prior to July 9, 1888, it has been, and now is, the owner and in the possession of a strip of land one hundred feet in width, being fifty feet on each side of the center line of its railroad, as located and constructed over and across the lands described in the complaint, as its right of way." It was admitted that in the fall of 1886 one Joseph P. Cadieux was the owner of the property. As will have been observed, the plaintiffs claimed title under him by virtue of a trust deed. The defendant claimed title by virtue of a certain condemnation proceedings taken by the Aberdeen, Fergus Falls & Pierre Railroad Company in the fall of 1886, to which said Cadieux was a party, and it is admitted that the defendant has succeeded to all the rights of said company.

Upon the case being called for trial, counsel for appellant objected to the introduction of any evidence under the complaint, on the ground that the complaint did not state facts sufficient to constitute a cause of action, in that there is no allegation or statement of facts in the complaint that plaintiffs have any title or sufficient interest in the property claimed to entitle them to recover in this action, or that the entry or possession of defendant was wrongful or unlawful. The objection was overruled and exception taken. We are of the opinion that the complaint is sufficient, and states a good cause of action. The trust deed is not set forth in the abstract, but we may presume from the allegations of the complaint that the legal title was conveyed to them by Cadieux. This, under the provisions of section 4872, Comp. Laws, made them trustees of an express trust, and the proper parties; and such trustees may sue without joining with them the persons for whose benefit the action is prosecuted. The allegations of entry, ouster, and unlawful withholding are sufficient. Payne v. Treadwell, 16 Cal. 220.

On the trial the plaintiffs introduced in evidence the trust

deed.   To its introduction the defendant objected on several grounds, but, as the deed is not in the abstract, we will not consider the objection.   The abstract states it was stipulated that the exhibits might be referred to and considered as though set out in the abstract.   This is not a compliance with the rules of this court as to the contents of abstracts.   The instrument to which objection is made to the introduction must be inserted in the abstract, or so much of it, or such statement of its contents or character, as may be necessary to present the point of the objection.   Formal parts may and should be omitted.   Except in very special cases, this rule must be observed.

The plaintiffs and respondents, having proved their title and introduced evidence tending to prove their damages, rested.   The appellant then moved the court to dismiss the action upon the ground that the evidence did not show title in the plaintiffs, or that they ever were or are entitled to the possession, and that the defendant has entered upon the same wrongfully or unlawfully.   But we are of the opinion that there was no merit in this motion.   The plaintiffs, as we have seen, had the legal title, and were the proper parties to sue, and the defendant admitted its possession.   If the plaintiffs were the owners, that posession was unlawful.

The defendant, for the purpose of showing title in itself, introduced in evidence, without objection, an award in the condemnation proceedings on the part of the defendant's predecessor in interest, purporting to have been made by Henry S. Williams, G. M. L. Erwin, and E. Schwellenbach, in which it appears they awarded to the said Cadieux $500 damages for the property in controversy.   The material parts of this award are as follows:   ''Territory of Dakota, County of Brown. Before the Hon. L. K. Church. judge of the district court for said county.   In the matter of the petition of the Aberdeen, Fergus Falls & Pierre Railroad Company to condemn right of way through * * * blocks 46, 51, 52, and 61 in the Northwestern addition to Aberdeen, owned by Joseph P. Cadieux.   The

undersigned commissioners, appointed by the judge of the district court for the said county, do hereby report that we were duly summoned as such commissioners by the sheriff of said county.   That in pursuance of said summons we met in the city of Aberdeen, in said county, on the 18th day of November, 1886.   *   *   *   That on said 19th day of November, 1886, we met at the time and place as aforesaid, the said Joseph P. Cadieux and Ann Ringrose appearing by J. H. Hauser, their attorney, and the said petitioner appearing by J. H. Perry, its attorney.   That, after hearing the testimony offered by all of said parties, and being fully advised in the premises, we proceeded to assess the damages to the said several parties.   *   * * That we cannot unanimously agree as to the damages to be paid by said petitioner to Joseph P. Cadieux for the appropriation of a strip of land one hundred feet wide.   *   *   *   The said commissioners Henry S. Williams and G. M. L. Erwin assessing the damages at five hundred dollars, and the said E. Schwellenbach not agreeing thereto, and placing the said Cadieux' damages at six thousand dollars.   That the plats hereto attached show the location of said right of way of said petitioner over said tracks. ' Dated at Aberdeen, D. T., this 19th day of November, A. D. 1886.   H. S. Williams, G. M. L. Erwin, E. Schwellenbach."   It was admitted that Cadieux was present at the hearing by the commissioners, as recited in the award, and took an appeal from their decision to the district court, which in the fall of 1887, was duly dismissed by said court.

It was also admitted that the $500 awarded to said Cadieux was deposited with the clerk of the district court, and had ever since remained on deposit, subject to the order of said Cadieux. The award was the only portion of the condemnation proceedings and the only evidence introduced on the part of the defendant. The plaintiffs and respondents then offered in evidence in rebuttal an order made in said condemnation proceedings by the district judge, from which it appeared that only two of the commis-

sioners purporting to have signed the award, namely, Erwin and Schwellenbach, were named in the order, and that instead of the name of Henry S. Williams, whose name appears to the award, was the name of one Brown Mercier. Counsel for appellant objected to the introduction of this order upon a number of grounds, among which were that the order was incompetent and immaterial, and not proper rebuttal; that, it having been shown that Cadieux participated in the condemnation proceedings, introduced evidence before the persons who signed the award, and took an appeal from the award to the district court, the plaintiffs are therefore estopped from denying their jurisdiction. The objection was overruled, and the defendant and appellant duly excepted. We are of the opinion that the trial court ruled correctly in admitting the order. It was a part of the record of the condemnation proceedings, and proved that the award was not made by the commissioners appointed or selected by the judge. It tended to prove that the award was invalid, and that the title claimed by the defend ant under the condemnation proceedings was therefore invalid. It was proper in rebuttal, as the plaintiffs were not required to introduce evidence, when making out their case, to defeat the defendant's title, until the defendant had given evidence in support of that title. The plaintiffs' grantor, Cadieux, did not, by appearing before the persons who assumed to act as commissioners, and appealing from their decision, waive h's right to object to their jurisdiction or want of authority; and hence the plaintiffs, as his grantees, were not estopped from making the same objection to them. Consent cannot confer jurisdiction of the subject-matter. It is contended by counsel for appellant that the commissioners who assumed to act were officers de facto if not de jure; but we are of the opinion that the commissioners appointed in the condemnation proceedings were, in no sense, officers. They were persons appointed by the judge to perform a special duty imposed upon them by the statute. If duly appointed they were vested with power by the statute to

make the appraisement of the damage of such persons as were made parties to the proceedings. If they were not legally appointed, they possessed no such power, and their award was a nullity.

The defendant then introduced parol evidence tending to prove, over the objection of respondents' counsel, that said district judge, upon a second petition, showing that Brown Mercier was absent, and without the jurisdiction of the court, appointed and selected the said Henry S. Williams in his place as a commissioner. No written petition or order was offered in evidence, but the evidence tended to show that another order was made out and signed by the judge, and that the place for the name was left blank, and never filled in the order. The grounds of objection to this evidence were that it was not the best evidence, and that there was a written order of the judge made in the premises, appointing three commissioners named, and that the parol evidence offered seeks to contradict the written order. As this objection was overruled, and the respondents made the objection, of course that ruling cannot be directly reversed; but, as the court, in its findings of fact, evidently disregarded this evidence, we can examine it in determining the objections to his findings.

At the conclusion of the trial the court was requested to find certain facts and conclusions of law for the defendant, but he declined to so find, and found the facts and conclusions of law in favor of the plaintiffs, to each of which the defendant excepted. A motion for a new trial was made and denied, to which exception was duly taken. It is quite evident from the findings of the court that it disregarded the parol evidence of the defendant as to the appointment of Henry S. Williams in place of Brown Mercier, named in the original order appointing the commissioners. Therefore the question presented to us for our determination is, did the court err in finding the facts and law in favor of the plaintiffs? The errors assigned relate to the findings of the court, and its refusal to find the facts as

claimed to have been proven on the part of the defendant, and may all be considered together.  It is contended by the counsel for the appellant that their award was conclusive of the facts therein recited, and that, as it recites that "the three persons who made the award were duly summoned as such commissioners by the sheriff of said county," etc., the award is evidence of that fact, under the provisions of Section 5309, Comp. Laws, which provides as follows:  "Entries in public or other official books or records, made in the performance of his duty by a public officer of this territory, or by another person in the performance of a duty specially enjoined by law, are *prima facie* evidence of the facts stated therein."  But, in our view, this statute has no application to the award in this case.  The effect of the recording of such an award is provided for by Section 3000, which is:  "And a certified copy thereof may be transmitted to the register of deeds of the county  *  *  *  to be by him filed and recorded,    *    *    *    in the same manner and with like force and effect as is provided for the record of deeds."  The recital of matters in the award other than those specified in the statute is not conclusive of the facts stated or recited.  The same section provides that "they [the commissioners] shall forthwith make report thereof in writing to the clerk of said court, setting forth the quantity, boundaries and value of the property taken, or amount of injury done to the property which they assess to the owner," which report must be filed, etc.  Therefore, their recital that they were duly and legally appointed, not being required by the statute, is a mere description of the persons who were acting, and does not prove the fact that they were duly appointed.

It is further contended by appellant that the evidence that Williams was appointed by the judge, although by parol, was undisputed, and the court should therefore have found that said Williams was one of the duly appointed commissioners; but we are of the opinion that the court rightly disregarded this evidence, although it had admitted it on the trial.  The findings

of the court were fully justified on the ground that the plaintiff
failed to prove that any commissioners had been legally ap-
pointed, as there was no evidence of any petition upon which a
court was authorized to act.   The rule is undoubtedly well set-
tled that, where it is attempted to acquire title to land, or to
take from its owner his right to the unrestrained use of it un-
der the right of eminent domain, the statutory proceedings for
its exercise, delegated to a corporation, must be strictly fol-
lowed, and should affirmatively appear, as in other statutory
proceedings.   Nichols v. Bridgeport, 23 Conn. 189; Bohlman
v. Railroad Co., 40 Wis. 157.   In the latter case, which was an
action to restrain a railroad company from building its road
over plaintiff's land, which the defendant claimed it had properly
taken under condemnation proceedings under the statute, the
court (RYAN, C. J.,) says:   "The enforcement of the right of
eminent domain is a necessary but harsh process in derogation
of private right; and a statutory process for its exercise, dele-
gated to a corporation, must be strictly followed.   Sedg. S. &
Const. Law, 313.   The jurisdiction of the commissioners to pro-
ceed should affirmatively appear, as in other statutory proceed-
ings in derogation of the common law.   Flatland v. Delaplaine
19 Wis. 459, and cases cited in Vilas & Bryant's Notes; Foster
v. Hammond, 37 Wis. 185."   In the former case, which was an
action for the value of land appropriated for a street, the court
says:   "The rule undoubtedly is that, where it is attempted to
acquire title to land, or to take from a proprietor his right to
the unrestrained use of it, in *invitum*, and under the provisions
of positive law, and in derogation of the common law, every req-
uisite of the statute must be complied with, and should appear
on the face of the proceedings under which the property is at-
tempted to be taken.   Mitchell v. Kirkland, 7 Conn. 229; Ho-
bart v. Frisbie, 5 Conn. 592; Booth v. Booth, 7 Conn. 350. And
where it becomes necessary for a party to show a fact like this
—the due appointment of certain officers to make an appraisal,
—it should be shown by the record, unless it appears the record

is lost, in which event secondary evidence of its contents may be proved.  Griffin v. Rising, 2 Cush. 75.  Nor can we sanction the defendant's claim that by his appeal to a judge of the superior court, or his hearing before freeholders appointed by the judge, the plaintiff waived the irregularity.  It appears to us that the fact that the persons whom the mayor was bound to appoint appraisers to assess damages to persons whose lands were taken for public use were to be freeholders of the city was a jurisdictional fact, which could only be shown by the appointment itself, or the record of it; and if the appraisers appointed in this case had no jurisdiction, because it did not appear that they were freeholders of the city, then it seems the appraisal they did make was void, and there was nothing to appeal from."  Dill. Mun. Corp. §§ 604-607, and cases cited. Spell. Priv. Corp., Sec. 255, and cases cited.  Mr. Spelling, in his recent work on Private Corporations, says in the section above cited that "with respect to compliance with the provisions of the law, they are in the nature of conditions precedent to a right of disturbing the property, and such compliance must be affirmatively shown, to support a title in the party claiming under the adverse proceedings."  It is true as claimed by the counsel for appellant, that under our statute relating to condemnation proceedings they are not specifically required to be in writing; but an examination of the statute satisfies us that such proceedings must necessarily be in writing, and made a matter of record.  It is provided that, upon application or petition of either party, etc.  Certainly there can be no petition other than in writing, and such petition or application must state all the jurisdictional facts requisite to authorize the judge to appoint or select the commissioners, and the award when made must be filed, etc.  It cannot be presumed that it was the intention of the legislature to permit the title to real property, oftentimes very valuable, to rest upon mere parol evidence; and this is the view taken

of a similar statute by the supreme court of Nebraska. Trester v. Railroad Co., 49 N. W. 1112. The proceeding is a special one, not coming within the ordinary powers of a judge as such, but only to be exercised by him under the provisions of the statute, upon a proper petition or application. No presumptions can be indulged to uphold or sustain his orders. His authority to act must be shown by proof of a proper petition or application, in which the necessary facts are stated to call into exercise his powers as judge under the statute. From the record evidence introduced by the plaintiff in rebuttal it was conconclusively shown that Brown Mercier was one of the commissioners appointed. The defendant sought to contradict this record by showing by parol that subsequently Williams was appointed in his place. This we do not think was permissible. It is contended by counsel for appellant that there was a subsequent petition, showing that Brown Mercier had left the jurisdiction of the court, and that an order was therefore made by the judge appointing Williams to fill his place. But those facts rest entirely upon parol evidence. No petition seems to have been introduced in evidence, and no order containing the blank spoken of was presented, so that, so far as the question before us is concerned, there is no record of any such petition, or of any blank order, signed by the judge. But this omission was not material, as the commissioner's name was not inserted in the order. It would be a too dangerous doctrine to hold that the solemn records of an important statutory proceeding before a judge could be contradicted by oral evidence in a collateral proceeding.

Lastly, it is contended by appellant that: ''Even if no condemnation proceedings had ever been instituted, or those instituted were void upon their face, plaintiffs and their grantors have, by acquiescense in defendant's entry and possession, as well as by recognition of and acquiscence in the jurisdiction of the commissioners, waived their right to maintain ejectment, and are estopped. Their only present remedy is by condemna-

tion proceedings, which under the Dakota statute, are available alike to the landowner and to the company." While, under the statutes of some of the states, the right of the owners of land over which a railroad has been constructed to maintain ejectment is questioned or denied, yet we think the weight of authority is to the effect that when such railway company has failed to condemn the right of way in the manner pointed out by the statute, the common law remedies are available to the owner. As was said by the supreme court of Nebraska in Hull v. Railroad Co., 32 N. W. 162: "While the manner of ascertaining the damage is exclusive, yet, if a railroad company takes and occupies real estate without taking the necessary legal steps to condemn the lands, and thus making its possession rightful, it is, as all others under like circumstances, a trespasser, and cannot justify its possession. Therefore the usual common law remedies are available to the owner." And the same court held in the earlier case of Railway Co. v. Fink, 18 Neb. 88, 24 N. W. 439: "The law does not require a citizen to institute proceedings to protect his rights, but permits him to do so." Railway Co. v. Menk, 4 Neb. 24; Railroad Co. v. Smith, 78 Ill. 96; Smith v. Railroad Co., 67 Ill. 191; White v. Railway Co., 64 Iowa 281, 20 N. W. 436; Railway Co. v. Barker, (Ill. Sup.) 17 N. E. 797; Cox v. Railroad Co., 48 Ind. 178; McClinton v. Railroad Co., 66 Pa. St. 404; Railroad Co. v. Colwell (Pa. Sup.) 15 Atl. 927; Railroad Co. v. Warrell (Pa. St.) 16 Atl. 20. The strongest case cited by appellant is the well considered case of McAuley v. Railroad Co., 33 Vt. 312, in which the opinion of the court was announced by Chief Justice REDFIELD, and is plainly distinguishable from the case at bar. In that case the condemnation proceedings seem to have been regular, with the exception that the damages assessed were not paid. As to these, it quite clearly appeared that there was a written contract between the parties that they should be paid by the company's stock at its par value. But the court seemed to take the view that, leaving the agreement out of the case,

the company was justified in supposing that the plaintiff did not object to its proceeding to build its road if it would only agree to pay in money; and the court says it is "not necessary to assert here that they are not liable now in trespass or eject-ment," if they were proceeding in defiance of plaintiff's rights, and upon their own resposibility merely. So far as our re-searches extend, it is only in special or peculiar cases that the courts have held that a plaintiff whose property has been taken without a compliance with the provisions of the statute has not the right to proceed by common law action to recover its pos-session. Our statute, unlike the statutes of Wisconsin and some other states, has made no provision for a case of the nature of the one before us, and we do not feel authorized to make an ex-ception to a general rule that one whose property is unlaw-fully detained from him may recover it by action of ejectment. Therefore our conclusion is that the circuit court committed no error in holding that the plaintiffs were entitled to recover. The judgment of the circuit court is affirmed.