A. R. BURNS v. CHICAGO, FORT MADISON & DES MOINES RAILWAY COMPANY, Appellant, and CLARA McINTIRE, Administratrix of the Estate of JOHN W. McINTIRE, Deceased, FRANK McINTIRE, W. A. McINTIRE AND CHAS. P. BROWN.

**Eminent Domain:** CONDEMNATION DAMAGES: *Payment to sheriff no defense.*  A railroad company's payment of the amount awarded a land owner for condemnation of right of way through his land to the sheriff, without payment to the land owner, is no defense to an action by the land owner against the company for the restitution of the premises for its failure to pay the same.

SAME.  Code 1873, Sec. 1257, authorizing proceedings to condemn property for a railroad right of way, provides that "on the trial of an appeal, no judgment shall be rendered except for costs; the

amount of damages shall be ascertained and entered of record,. and, if no money has been paid or deposited with the sheriff, the corporation shall pay the amount so ascertained or deposit the same with the sheriff before entering on the premises." *Held*, that where a railroad company, on an appeal from an award, was adjudged to pay the award to the clerk of the court within thirty days except any sum paid by it to the sheriff after the condemnation, and the sheriff, to whom it paid the original award, was ordered forthwith to pay into the hands of the clerk the money so paid to him, such judgment operates only to give defendant thirty days within which to make payment, and for the sheriff to pay over the balance, and hence compliance therewith was no defense to the landowner's action for restitution of the premises on the sheriff's failure to pay.

**Judgment on Pleadings:** ADMISSIONS AND DENIALS IN SEPARATE DIVISIONS. Defendant, in one division of its answer, admitted that the sheriff with whom it had deposited the amount of an award to plaintiff for condemnation of a right of way through his land, had refused to pay same to plaintiff, and that plaintiff had not received the award, and in another division alleged that no demand had been made and that the sheriff had paid plaintiff the money. *Held*, that since no defense was set up in the first division of the answer, but plaintiff's cause was admitted therein, and, as the trial court was authorized to take the averments of each division most unfavorable to the pleader, the court properly rendered judgment for plaintiff on the pleadings.

**Making Additional Parties:** WHEN NOT REQUIRED: Where no issue was raised by the pleadings, the trial court's refusal to permit other parties to be made defendants was not error.

*Appeal from Wapello District Court.*—HON. T. M. FEE, ·Judge.

SATURDAY, JANUARY 27, 1900.

THE petition averred that on June 22, 1892, damages resulting from the appropriation of the right of way across. plaintiff's land by the defendant were assessed at three hundred and seventy-five dollars, and the latter thereupon took. possession; that on appeal to the district court said damages were fixed at one thousand and fourteen dollars, and the proceedings approved here (102 Iowa, 7); that the defendant had satisfied all said damages, except the three hundred and seventy-five dollars, and it refused to pay this because of having·

turned it over to the sheriff at the time of the assessment by the sheriff's jury,—and prayed that, unless said sum be paid within forty-five days after being adjudged due, the plaintiff be put in possession of the right of way, and the defendant enjoined from its further use. In its answer and cross petition the defendant admitted that it had refused to pay plaintiff, and alleged that plaintiff had not received the money from the sheriff; that the district court had ordered the sheriff to pay the three hundred and seventy-five dollars in controversy to the clerk, which he had failed and refused to do; that defendant had no control over him; that the sheriff and his bondsmen were liable to the plaintiff for the payment thereof,—and prayed that these be made parties, and that, if the amount had not been paid to the plaintiff, he have judgment against them, or that defendant, upon such payment have such judgment. The sheriff and his bondsmen moved that the cross petition be dismissed as against them, for that they were not made parties by order of court and there was a misjoinder of causes of action and of parties. The court denied the request to make them parties, and sustained the motion. Thereafter the defendant added three divisions to its answer, by way of amendment. The cause was heard, and a decree entered as prayed. The Chicago, Ft. Madison & Des Moines Railway Company appeals.— *Affirmed.*

*McNett & Tisdale* for plaintiff.

*Jesse A. Baldwin* and *E. E. McElroy* for appellant.

*W. W. Cory* for defendants J. W. McIntire, Frank McIntire, W. A. McIntire, and Charles P. Brown.

LADD, J.—We are not inclined to open for further consideration the questions determined in *White v. Railway Co.,* 64 Iowa, 281. It was there held that money paid to the sheriff *in ad quod damnum* proceedings was by way of secur-

ity to the landowner, and was not payment to him, and that the latter's "title and right of possession can be extinguished only by the payment of the damages assessed." In other words, nothing short of actual payment, or its equivalent, to the owner, of the damages assessed, constitutes compensation for property wrested from him under the power of eminent domain. The opinion plainly shows that no importance was attached to the fact of the sheriff's insolvency. The answer first filed admitted that the balance of three hundred and seventy-five dollars paid by it to the sheriff had not been turned over to the plaintiff, and that both the sheriff and the defendant had refused to make such payment. No defense was pleaded, and all that remained for the court to do was to enter judgment. As no issue was presented by the pleadings as they then stood, the court did not abuse its discretion in refusing to permit other parties to be brought in as defendants. Before this can be done, there must be a controversy, the determination of which will affect the rights of others. Sections 3462-3466, Code.

II. An amendment was filed, after the ruling on the motion, adding three divisions to the answer. In the second it was averred that the defendant refused and declined to pay the three hundred and seventy-five dollars awarded by the sheriff's jury. It denied that it had been notified of the sheriff's failure to pay the plaintiff, and alleged that demand had not been made before the beginning of the action, the solvency of the sheriff and his bondsmen, and plaintiff's failure to proceed against them. In the third division, compliance with an order of court was pleaded. In the fourth division the defendant averred its refusal to pay, and that the sheriff had paid the plaintiff. It will be observed that the admissions of the original petition, which formed the first division of the answer as amended, were not withdrawn, nor was matter pleaded destroying their effect. In other words, in one division the defendant admitted that the sheriff had refused payment, and that the plaintiff had

not received the award, and in the others alleged that no demand had been made, and the sheriff had paid the money to the plaintiff. If these divisions be considered separately, then in one the right of recovery is conceded by admitting the only matters in controversy, while in the others these are denied. True, an admission in one division will not ordinarily be taken against the pleader, in passing upon the issues raised in another; for inconsistent defenses may be pleaded, and should be separately considered. And there may be a plea by way of confession and avoidance. As seen, this is not such a case. The first division sets up no defense, nor are the admissions in any way avoided. In it the defendant admits facts controverted in other divisions, which left no issue to try, and amounted to a concession of the plaintiff's right to recover as prayed. The plaintiff's cause of action having been conceded in that division, there was no occasion to look to others. Under such circumstances, the court was authorized to take the averments of the division most unfavorable to the pleader. It is only when the original answer has been superseded by a subsequent pleading that its statements are not to be taken against the defendant without being introduced in evidence. *Shipley v. Reasoner,* 87 Iowa, 555; *Leach v. Hill,* 97 Iowa, 81. Had the defendant admitted and denied in the same division, or in an answer not divided, there could be no question but that the admission, rather than the denials, would be taken. The fact that the denials are all in one division, and the admissions in another, cannot change the rule, provided the admissions, as such, concede the plaintiff's cause of action. When the right of recovery is once admitted, unless this is withdrawn or in some way avoided, no issue is tendered. Whether proof of demand on the sheriff, and of nonpayment, was essential in order to maintain the action, we do not determine. On that proposition we are not agreed. What we do hold is that, conceding such proof to be necessary, no such issue was tendered.

III.   It is said that payment was made in strict compliance with the order of the court.   The defendant was "adjudged to pay all of said amount to the clerk of this court within thirty days from this date, except any sum which was paid by the defendant to the sheriff after the condemnation.   And the sheriff to whom defendant paid the original awards is hereby ordered forthwith to pay into the hands of the clerk of this court the money paid to him on the award made by the sheriff's jury."  But the statute expressly directed that no judgment be entered, except for costs, and that the amount of damages ascertained be entered of record.   Section 1257, Code 1873.   In the light of this statute, the entry can be construed to do nothing more than give defendant thirty days within which to make payment of a part, and an order on the sheriff to turn the balance over to the clerk.   It does not purport to fix liabilities in any other respect, and furnishes no defense to this action.— AFFIRMED.