RUTH BROWN ET AL. V. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

FILED OCTOBER 22, 1902. No. 11,121.

Commissioner's opinion, Department No. 2.

1. **Judgment.** MODIFICATION: APPLICATION. Application for a modification of former judgment examined and denied.

2. **Eminent Domain:** DAMAGES: ASSESSMENT: ACTUAL PAYMENT: EQUIVALENT COMPENSATION. Nothing short of actual payment, or its equivalent, to the owner, of damages assessed, constitutes compensation for property wrested from him under the power of eminent domain.

ERROR from the district court for Lancaster county. Tried below before TUTTLE, J. Rehearing of case reported in 64 Nebr., 62. *Judgment of reversal adhered to.*

*Benjamin F. Johnson,* for plaintiffs in error.

*W. F. Evans, Lorenzo W. Billingsley* and *Robert J. Greene, contra:*

Plaintiffs, in 1896, brought suit against the railway company, in the county court of Lancaster county, to re-

cover the sum of six hundred dollars as the purchase price of certain land. See bill of exceptions, pages 67-69. The railway company filed an answer containing a general denial, a plea of the statute of limitations, a plea of the statute of frauds, and alleging that an award had been made in a condemnation proceeding and duly deposited with the county judge, that the time for appeal had expired, that defendant had not withdrawn the award, and that plaintiffs had made no demand on the county judge for the money in his hands. See bill of exceptions, pages 70-74. Plaintiffs replied that no award had been made; that no money had ever been paid to the county judge to which plaintiffs could assert any claim; and that plaintiffs had not demanded the award from the county judge or attempted to collect it because they had no right to the money, or right to maintain suit for it against the county judge. See bill of exceptions, pages 75-77. (These pleadings and the transcript of the proceedings in the county court were brought into the record by being introduced in evidence at the trial in the district court in support of the defense of variance. See bill of exceptions, pages 42, 43.) A trial was had in the county court on the issues joined, and a judgment entered August 10, 1896, in favor of the railway company. See bill of exceptions, page 79. An appeal was taken to the district court and the issues finally joined. We are too modest to tell how many amended petitions were necessitated by the sustaining of demurrers, but plaintiffs filed a supplemental petition December 17, 1897, and what they denominate their third amended petition was filed March 1, 1898. Clerk's transcript, pages 1, 2. Defendant filed its answer to the supplemental petition and sixth amended petition November 18, 1898. Clerk's transcript, pages 4-11. Plaintiffs filed a reply November 26, 1898. Clerk's transcript, pages 11, 12. These pleadings are set out at length at pages 2 to 15 of the original brief of the railway company filed in this court. The cause was tried to a jury and after the plaintiffs rested their case the defendant made proof of the issues pleaded and tried in the

lower court. See bill of exceptions, pages 42, 43. The court thereupon instructed the jury to return a verdict for defendant, and judgment was entered on the verdict December 7, 1898. A motion for a new trial was overruled December 15, 1898, and December 12, 1899, a petition in error, a transcript, and a purported bill of exceptions were filed by plaintiffs in this court. December 29, 1899, the defendant filed a motion to quash the bill of exceptions. The plaintiffs asked leave to withdraw the bill of exceptions for corrections, but no corrections have as yet been made. The case was submitted at the last term and on February 19, 1902, was reversed. 64 Nebr., 62. An application for a rehearing was duly filed, and on May 8, 1902, a rehearing was granted.

A full statement has been made, although it is our contention that the clerk's transcript is not sufficient to bring before the court any question for determination, and the bill of exceptions is not sufficiently authenticated to present any rulings that are dependent upon it. We insist upon the technical advantages flowing from the failure of plaintiffs to present a record properly presenting the questions argued in their brief, and, in arguing the propositions advanced by plaintiffs, respectfully submit that we do not waive the right to insist upon the court enforcing against plaintiffs the rule that a plaintiff in error must bring a properly authenticated record showing affirmatively the rulings of which he complains.

The certificate attached to the clerk's transcript is:

"STATE OF NEBRASKA, ⎱
LANCASTER COUNTY. ⎰ ss.

"I, Sam E. Low, clerk of the district court third judicial district of Nebraska, in and for the county of Lancaster, do hereby certify that the above and foregoing is a true and correct copy of the supplemental petition; third amended petition; answer to amended petition filed March 1, 1898; reply of plaintiffs; (1) plaintiffs' instruction; (3) instructions asked by plaintiff and refused; (2) instructions of the court; motion for new trial; motion for judgment for

plaintiffs; supersedeas bond, with indorsements on each; ruling of the court on motion for new trial; ruling of court on motion to render judgment in favor of plaintiffs, together with proceedings of trial final judgment, adjournment *sine die* of our said court in a cause in said court, wherein Ruth Brown et al., are plaintiffs and the Chicago, Rock Island & Pacific Railway Company is defendant as the same appears fully upon the records and files of said court and now in my charge remaining as clerk aforesaid.

"I hereby further certify that hereto attached is the original bill of exceptions, filed in the above entitled cause on the 8th day of February, 1899 and made a part hereof.

"In witness whereof I have hereunto set my hand officially and attached the seal of said court at Lincoln this 8th day of Feb., A. D. 1899.

"Sam E. Low, *Clerk D. C.*
"Trans. Fees $6.00 paid.    By J. H. Mallalieu, *Deputy.*"

The statute requires "a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated or modified." Code, 586. The certificate recommended by Judge Maxwell recites that "the above and foregoing is a true and perfect transcript of the record," etc. The certificate above set forth does not certify that it is a transcript of any record or of any proceedings except the proceedings of trial, final judgment and adjournment of the court. These proceedings show nothing with reference to the ruling on the motion for a new trial, or any exception to the ruling. The certificate is to the effect that "the above is a true copy" of certain papers, "and proceedings of trial, final judgment and adjournment of court." There is no transcript of the proceedings, nothing to show when any motion for a new trial was filed. For aught that appears to the contrary from the record the motion for a new trial may have been filed long after the expiration of the three days. The certificate is to the effect, only, that the "foregoing is a true and correct copy" of, *inter alia,* "the motion for a new trial." It does not

certify when the motion was filed or to any proceedings whatever with reference to it.

The record, as certified, fails to disclose any exception to the ruling on the motion for a new trial, and there can be no review of that ruling. *Robertson v. Hamilton*, 61 Nebr., 791. The record fails to show that the alleged errors of which complaint is made were brought to the attention of the trial court by a motion for a new trial and they can not be reviewed. *Farmers & Merchants' Ins. Co. v. Dobney*, 62 Nebr., 213. A judgment will not be reversed for errors which are required to be assigned in a motion for a new trial unless it is shown by the record that the court erred in overruling such motion. *Achenbach v. Pollock*, 64 Nebr., 436.

The cause of action pleaded in the supplemental petition is as foreign to the theory of the original petition as is possible to imagine. The supplemental petition prays a recovery of $600 from the railway company because the railway company obtained that amount of plaintiffs' money from the county judge. If all the allegations of both petitions are regarded as in one pleading no cause of action is stated because plaintiffs allege that in a proceeding to which they were party, by their own agreement, an award was made and a depositary named; the award was deposited where defendant could not withdraw it and plaintiffs could, and they have not demanded or drawn their money, although no legal obstacle stands in the way. The cause of action pleaded in the supplemental petition was not a proper one to be pleaded in a supplemental petition. Such a petition may not state a new cause of action, or one that has accrued since the action begun. *Killinger v. Hartman*, 21 Nebr., 297; *Holly v. Graf*, 29 Hun [N. Y.], 443; *McCaslin v. Latimer*, 17 S. Car., 123; *Bailey v. Palmer*, 5 Ark., 208; *Hart v. Bowie*, 34 La. Ann., 323; *McGuire v. Louis Snider Paper Co.*, 4 O. N. P. [Cin. Sup. Ct.], 262, 6 Ohio Dec., 392; *Coffing v. Dodge*, 45 N. E. Rep. [Mass.], 928, 167 Mass., 231; *Leach v. Germania Building Ass'n.*, 70 N. W. Rep. [Ia.], 1090; *First Nat. Bank v. Shoemaker*,

11 Atl. Rep. [Pa.], 304. The cause of action pleaded in the supplemental petition must relate to the original cause of action.  Maxwell, Code Pleading, 587.

In Nebraska the special remedy by statute for determining and awarding compensation for land taken in condemnation proceedings is exclusive.  *Fremont, E. & M. V. R. Co. v. Mattheis*, 35 Nebr., 49; *Republican V. R. Co. v. Fink*, 18 Nebr., 82; *Omaha & N. W. R. Co. v. Menk*, 4 Nebr., 21. The proceedings are defined in *Mattheis v. Fremont, E. & M. V. R. Co.*, 53 Nebr., 681.

Upon the proposition that the duty of the railway company to make adequate compensation is discharged by paying the award to the landowner, or having it on deposit to his credit, in the hands of the statutory depositary, at the termination of the litigation, we cite the following authorities: *Omaha & N. W. R. Co. v. Menk*, 4 Nebr., 21; *Ray v. Atchison & N. R. Co.*, 4 Nebr., 439; *Republican V. R. Co. v. Fink*, 18 Nebr., 82; *Hull v. Chicago, B. & Q. R. Co.*, 21 Nebr., 370; *Zimmerman v. County of Kearney*, 33 Nebr., 620; *Livingston v. Commissioners*, 42 Nebr., 277; *Lewis v. City of Lincoln*, 55 Nebr., 1; *United States v. Dunnington*, 146 U. S., 338, 36 L. Ed., 996; *Jones v. Florida C. & P. R. Co.*, 41 Fed. Rep., 70; *Beekman v. Saratoga & S. R. Co.*, 3 Pai. Ch. [N. Y.], 45, 22 Am. Dec., 679; *International & G. N. R. Co. v. Benitos*, 59 Tex., 326, 10 Am. & Eng. R. Cas., 122; *New O. & S. R. Co. v. Jones*, 68 Ala., 48, 2 Am. & Eng. R. Cas., 425; *City of Chicago v. Barbian*, 80 Ill., 462; *Mayor of Baltimore v. Hook*, 62 Md., 371, 7 Am. & Eng. Cor. Cas., 442.

OLDHAM, C.

The former opinion in this case is found in 64 Nebr., 62. The opinion fully sets forth the issues involved in this controversy; hence a restatement is unnecessary.  Each of the litigants seem dissatisfied with the conclusion reached on the former hearing.  Plaintiffs in error file a motion asking for a modification of the judgment and a direction to the trial court to enter judgment for plaintiffs.  De-

fendant in error requests a rehearing on the constitutionality of section 97, chapter 16, Compiled Statutes,* and on various other questions. In answer to this joint request a rehearing has been allowed.

We do not think the request of plaintiffs in error for a modification of the judgment should be granted, in view of the fact that defendant's answer to the amended petition, on which the cause proceeded to trial in the court below, did state a good defense on the theory that plaintiffs had received from the former county judge of Lancaster county their due proportion of the condemnation money deposited by defendant with that officer. While it is true that defendant did not introduce any testimony tending to support this defense, yet it was excusable for such failure in view of the fact that the trial court directed a verdict for defendant at the close of plaintiffs' testimony.

A re-examination of the former opinion fully satisfies us with the conclusions reached. We do not think that the author of the opinion intended to question the constitutionality of section 97, chapter 16, Compiled Statutes. What he holds with reference to this section is, in substance, that any construction of this statute which would authorize the taking of private property for public use by delivering an award of damages to an officer or to a person not of the choice of the property owner would be in conflict with section 21, article 1, constitution of Nebraska; and, further, he holds that the provision of this section of the statute which permits the deposit of damages awarded with the county judge only intends to provide for a security for the payment of the damages to the property owner, and that such deposit does not constitute a payment, and that construed in this light, section 97, *supra,* is not in conflict with the provisions of the constitution, but that otherwise it would be. This view seems to be supported by the holdings in *Redman v. R. Co.,* 33 N. J. Eq., 165; *Martin v. Tyler,* 60 N. W. Rep. [N. D.], 392; *Villiac v. Stockton & I. R. Co.,* 53 Cal., 208; *Covington S. R. T. R. Co. v. Piel,* 8 S. W. Rep. [Ky.], 449; *Carrico v.*

* Cobbey's Annotated Statutes, sec. 9973.

*Calvin,* 17 S. W. Rep. [Ky.], 854. We think that the conclusion of the learned commissioner set forth in the former opinion, that the money deposited with the county judge while condemnation proceedings are pending is placed there at the instance and for the benefit of the railroad company, and, if lost through the mistake or unfaithfulness of the officer, the railroad company, and not the landowner, must bear the loss, is sound in principle and is fully supported by the authorities cited in his opinion. *Blackshire v. Atchison, T. & S. F. R. Co.,* 13 Kan., 514; *White v. Wabash, St. L. & P. R. Co.,* 20 N.W. Rep. [Ia.], 436.

The doctrine announced in *White v. Wabash, St. L. & P. R. Co., supra,* has been adhered to by the supreme court of Iowa in the more recent case of *Burns v. Chicago, Ft. M. & D. M. R. Co.,* 81 N. W. Rep., 794, 795, in which it said: "We are not inclined to open for further consideration the questions determined in *White v. R. Co.,* 64 Ia., 281, 20 N. W. Rep., 436. It was there held that money paid to the sheriff in *ad quod damnum* proceedings was by way of security to the landowner, and was not payment to him, and that the latter's 'title and right of possession can be extinguished only by the payment of the damages assessed.' In other words, nothing short of actual payment, or its equivalent, to the owner, of the damages assessed, constitutes compensation for property wrested from him under the power of eminent domain."

The defendant in error asks us to review the holding of the court proper in overruling its motion to quash the bill of exceptions; but we have examined the ruling, and are satisfied that it was right and should not be disturbed.

It is therefore recommended that the former opinion in this case be adhered to.

BARNES and POUND,* CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former opinion in this case is adhered to.

FORMER JUDGMENT ADHERED TO.

* *Post,* 114.

POUND, C., concurring.

I concur in the foregoing opinion and recommendation. It seems desirable, in addition, to notice two points of practice urged by the defendant in error. One of these, which has been argued in several other cases recently, relates to the form of the transcript. The clerk does not certify directly that the motion for a new trial was filed within the time fixed by law, nor does he certify, in so many words, when it was filed. But he certifies that the transcript contains a true copy of the motion, with all the indorsements thereon, and an indorsement appears, setting forth the date of filing, which is within the time required. This is the ordinary course of practice, and, in my opinion, it is entirely proper. Section 885 of the Code of Civil Procedure, makes it the duty of the clerk to "indorse upon every paper filed with him, the day of filing it," and the date is sufficiently shown by the certified copy of such indorsement. *State v. Paxton,* 65 Nebr., 110, 119, and cases cited. The other point relates to an alleged change of issues on appeal from the county court, where this cause originated, to the district court. The objection was not taken by motion to strike out, according to the usual practice, but by answer, instead. In support of this course counsel cite *Fuller v. Schroeder,* 20 Nebr., 631. But that decision applies only to cases in which the change does not appear on the face of the record,—as, for instance, where no pleadings were had in the first instance, or, as may often happen in justice's court, the statement of plaintiff's claim was informal and indefinite. In actions involving more than $200 in the county court the pleadings are usually formal, and cases in which the exact issues tried below do not appear on the face of the transcript must be very rare. The pleadings ought to be fully settled, and all questions of the sort determined before trial. Hence, in my opinion, the practice of raising such points by answer and objection at the trial should not be encouraged, and should be limited

strictly to those cases where they can be made in no other way. In the case at bar a motion was clearly the proper course.